491 F.2d 1294
 7 Fair Empl.Prac.Cas. 482, 7 Empl. Prac. Dec. P 9157
PACIFIC MARITIME ASSOCIATION and California Stevedore and
Ballast Co., Plaintiffs-Appellants,
v.
Frank A. QUINN, as an Individual and Frank A. Quinn, as
Regional Director of the Equal Employment
Opportunity Commission, et al.,
Defendants-Appellees.
INTERNATIONAL LONGSHOREMEN'S & WAREHOUSEMEN'S UNION, LOCAL
34, Plaintiff-Appellant,
v.
Frank A. QUINN et al., Defendants-Appellees.
 Nos. 71-2710, 71-2868.
 United States Court of Appeals, Ninth Circuit.
 Feb. 19, 1974.
 
 Dennis T. Daniels (argued), Richard Ernst, Ernst & Daniels, Norman Leonard (argued), Gladstein, Andersen, Leonard, Sibbett & Patsey, San Francisco, Cal., for plaintiff-appellant.
 Ramon V. Gomez (argued), Gerald R. Lopez, EEOC, Office of the General Counsel, Washington, D.C., Chester F. Relyea, EEOC, SF Litigation Center, San Francisco, Cal., for defendants-appellees.
 Before DUNIWAY and WEIGHT, Circuit Judges, and EAST,* District judge.
 OPINION
 DUNIWAY, Circuit Judge:
 
 
 1
 This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq. On September 9, 1969, Clarence Harrison, Jr., filed with the Equal Employment Opportunity Commission (EEOC) created by 42 U.S.C. 2000e-4, a charge of discrimination in employment. The charge was against Harrison's employer, California Stevedore and Ballast Company (CS&B), Pacific Maritime Association (PMA), a collective bargaining agent for the employers, including CS&B, and International Longshoremen's & Warehousemen's Union, Local 34 (Local 34). Harrison stated the charge as follows:
 
 
 2
 'From October 1968 & continuing to this present time I have been denied the opportunity to work at the supervisorial level by the above organizations. I believe this treatment is discriminatory in nature. I am a Negro.'
 
 
 3
 The only other information about the charge that is in the record is a letter from CS&B to the Chief of the Cargo Division of the Oakland Army Base where Harrison worked, dated October 21, 1968, which is set out in the margin.[1]
 
 
 4
 EEOC in due course served upon PMA, Local 34, and CS&B demands for access to documents authorized by 42 U.S.C. 2000e-8(a) and 2000e-9(a) and (b). Within twenty days, PMA, Local 34, and CS&B filed this action under 2000e-9(c), seeking to modify or set aside EEOC's demands. EEOC crosspetitioned for enforcement under 2000e-9(b). The trial court entered an order modifying and enforcing the demands, and PMA, Local 34, and CS&B appeal.
 
 
 5
 The only question presented is whether EEOC lacked jurisdiction because the act of discrimination complained of occurred more than 210 days before Harrison filed his complaint with EEOC, 42 U.S.C. 2000e-5(d) as it read when the complaint was filed. It seems to be agreed by the parties that the letter of October 21, 1968, is what Harrison referred to in his complaint when he said 'From October 1968. . . ..'
 
 
 6
 Appellants argue that what happened on or about October 21, 1968, assuming that it was a violation of the Act, is not, as a matter of law, a continuing violation, and that therefore EEOC lacks jurisdiction, more than 210 days having passed before Harrison filed his complaint.
 
 
 7
 We accept, for the purpose of this case, the proposition urged by appellants that the timely filing of a complaint is 'jurisdictional.'[2] We have no quarrel with the cases cited by appellants which hold or say (more of them say than hold) the various acts of discrimination are not 'continuing.'[3] With one exception, all of these cases arise in a different context, an action by a complainant for relief, following the inability of EEOC to resolve the matter.[4]
 
 
 8
 The posture of this case is different. It is in the investigative, not the adjudicative, stage, involving a demand by EEOC for access to evidence. Harrison alleged that the discrimination of which he complained was one which was 'continuing to this present time,'[5] and the purpose of the EEOC demand is to determine whether it has 'reasonable cause to believe that the charge is true.' 42 U.S.C. 2000e-5(a). As the cases show, some violations are of a continuing nature.[6]
 
 
 9
 The crucial issue then becomes: What is the scope of judicial review of the controversy before us? Here, the EEOC does not claim to have reasonable cause to believe that the charge is true; rather, it is making an investigation to find out whether there is such reasonable cause. The standard of review is contained in the statutory grant of the Commission's investigative authority: the material sought must be 'relevant or material to the charge under investigation.' In a case that was appealed to the Fourth Circuit in a setting like this one, the court stated:
 
 
 10
 'The EEOC in its investigation is seeking only to determine the existence of reasonable cause to believe that the charge is true. See 42 U.S.C. 2000e-5(a) . . .. The statutory standard to be applied in a Demand enforcement proceeding is one of relevancy and materiality, not one of reasonable cause to believe the charge is true. 42 U.S.C. 2000e-9(a).' Graniteville Co. (Sibley Division) v. EEOC, 4 Cir., 1971, 438 F.2d 32, 36.
 
 
 11
 See also Manpower, Inc. v. EEOC, D.C. E.D.Wis., 1972, 346 F.Supp. 126, 128.
 
 
 12
 We think that the statute of limitations issue has been raised prematurely. The appellants have said: Every demand made by the EEOC is irrelevant, because the charge filed was too late. The District court responded on the appellants' own terms: The EEOC's demands are relevant, because the violation charge is a continuing one. The proper response of the district court to the appellants should have been: We do not know whether or not the violation, if any, is a continuing one; one of the reasons for conducting the investigation is to determine the answer to that very question.
 
 
 13
 We must allow the Commission to see all relevant evidence on this charge; the Commission can then decide whether it thinks that the violation is a continuing one, and, if so, whether it has reasonable cause to believe the charge is true. All that we now know is that:
 
 
 14
 1. The drug episode and demotion occurred in October, 1968, and Harrison did not file his charge until September, 1969, and
 
 
 15
 2. Harrison was restricted 'to clerks work only with no supervisorial assignment until such time as there is reason to believe he will perform his work with diligent application to avoid careless human error,' and
 
 
 16
 3. Harrison says that the violation is 'continuing to the present time,' i.e., September 9, 1969.
 
 
 17
 Does this constitute a continuing violation? We really do not know. For example, if Harrison had asked for a promotion to supervisor in August, 1969, and had been refused for racial reasons, this would be a continuing violation. Suppose that it turns out that there is an August, 1969, internal memorandum in the files of CS&B evaluating Harrison's work, which says: 'Harrison has been our best worker this year. His work is diligent and he has made no errors in accounting for the drugs that he has unloaded.'? At that point, a failure to give Harrison supervisorial work might well be evidence of a continuing violation, so that the charge was timely filed. The point is that neither we nor the Commission know what evidence there is; there are not enough facts to rule on the question EEOC is entitled to conduct its investigation. When that has been done, the continuing violation question will be ripe.
 
 
 18
 For the purpose of this opinion, we assume that the statute of limitations issue is 'jurisdictional,' and that, if the statute is a bar, EEOC cannot proceed. But EEOC ought to be allowed to determine, in the first instance, whether it has jurisdiction, i.e., whether the violation is a continuing one. It cannot properly make that determination without first getting the relevant facts.
 
 
 19
 Appellants claim that EEOC's demand for evidence is overbroad. The district court upheld that claim, in part. Our decision is without prejudice to appellants' right, or to the district court's power, further to restrict the breadth of the demand, if the court be so advised.
 
 
 20
 Affirmed.
 
 
 
 *
 The Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 [1]
 'Subject: Missing Drugs
 This confirms our conversation on the inaccurate receiving of drugs by C. Harrison, # 13031 on 1 October 1968 at pier 6. Harrison has worked at MOTBA, North as a clerk quite regularly during the last few years and sometimes in a supervisorial capacity. In view of the specific incident, disciplinary action was immediately invoked by California Stevedore and Ballast Company as follows: (1) Verbal reprimand. (2) Restriction to clerks work only with no supervisorial assignments until such time as there is reason to believe he will perform his work with diligent application to avoid careless human error.'
 
 
 [2]
 Choate v. Caterpillar Tractor Co., 7 Cir., 1968, 402 F.2d 357, 359 ('jurisdictional precondition to the commencement of a court action' by a complainant.); Graniteville Co. (Sibley Division) v. EEOC, 4 Cir., 1971, 438 F.2d 32 (dictum-- does not deal with time limitation). Cf. Malone v. North American Rockwell Corp., 9 Cir., 1972, 457 F.2d 779; Boudreaux v. Baton Rouge Marine Contracting Co., 5 Cir., 1971, 437 F.2d 1011, 1014-1015, fn. 6; Hutchings v. U.S. Industries, Inc., 5 Cir., 1970, 428 F.2d 303, 308-309, which permit tolling of the limitation in certain cases
 
 
 [3]
 Younger v. Glamorgan Pipe and Foundry Co., D.C., W.D.Va., 1969, 310 F.Supp. 195, 197 (job transfer); Hutchings v. U.S. Industries, Inc., D.C., E.D.Tex., 1969, 309 F.Supp. 691, 693 (discontinuance of job assignment), reversed on other grounds, 5 Cir., 1970, 428 F.2d 303; Griffin v. Pacific Maritime Ass'n, 9 Cir., 1973, 478 F.2d 1118, 1120 (layoff); Gordon v. Baker Protective Services, Inc., D.C., N.D.Ill., 1973, 358 F.Supp. 867 (discontinuance of job assignment); Guerra v. Manchester Terminal Corp., D.C., S.D.Tex., 1972, 350 F.Supp. 529 (job transfer)
 
 
 [4]
 The only case cited involving a demand for access to evidence, Molybdenum Corp. of America v. EEOC, 10 Cir. 1972, 457 F.2d 935, held that the charge was timely. There were two refusals to hire, one of which was within the time limit
 
 
 [5]
 A charge filed by a layman should be liberally construed, Cox v. U.S. Gypsum Co., 7 Cir., 1969, 409 F.2d 289, 290; 'A layman's claim of 'continuing' discrimination, after a discriminatory layoff, readily suggests that he claims there has been a subsequent recall or new hiring which discriminates against him.' See also Graniteville Co. (Sibley Division) v. EEOC, supra
 
 
 [6]
 Cox v. U.S. Gypsum Co., supra; Sciaraffa v. Oxford Paper Co., D.C., Me., 1970, 310 F.Supp. 891 (layoff followed by failure to rehire); Banks v. Lockheed-Georgia Co., D.C., N.D.Ga., 1968, 46 F.R.D. 442 (discriminatory system of hiring); Boundreaux v. Baton Rouge Marine Contracting Co., 5 Cir., 1971, 437 F.2d 1011, 1014-1015 (discriminatory system of assigning work); Belt v. Johnson Motor Lines, Inc., 5 Cir., 1972, 458 F.2d 443 (discriminatory system of transferring to better jobs); Motorola, Inc. v. EEOC, D.C., Ariz., 1968, 317 F.Supp. 282 (practice of discrimination against Negroes, Spanish surnamed, and Indians)