**ASSOCIATED DRY GOODS CORPORATION, Plaintiff,**

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION et al., Defendants.**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**JOSEPH HORNE COMPANY, Defendant.**

Civ. A. Nos. (1) CA 75–0297–R, (2) CA 76–0510–R.

United States District Court, E. D. Virginia, Richmond Division.

July 18, 1978.

Lonnie Crawford, Equal Employment Opportunity Commission, Pittsburgh, Pa., Hill B. Wellford, Jr., Richmond, Va., for plaintiff.

Hill B. Wellford, Jr., Richmond, Va., David A. Schneider, Asst. U. S. Atty., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Associated Dry Goods Corporation ("Associated"), plaintiff herein, brings this action to challenge certain practices of defendant Equal Employment Opportunity Commission ("EEOC") relating to disclosure of EEOC investigative files to charging parties. Consolidated with Associated's action is an application by the EEOC to enforce an EEOC administrative subpoena *duces tecum* against one of Associated's subsidiaries, the Joseph Horne Company ("Horne's"). Jurisdiction is premised upon the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq.*; on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; and on 28 U.S.C. § 1331.

The facts, briefly stated, are as follows: From November 1971, through June 1973,

several employees and former employees of Horne's filed race and sex discrimination charges against Horne's with the EEOC. The EEOC began investigating the charges by serving interrogatories on Horne's in February and April of 1974. Horne's refused to answer the interrogatories without assurances from the EEOC that the answers would not be disclosed to the charging parties, their attorneys, or others. The EEOC could not offer such assurance. Rather, the Commission explained that its policy was to disclose to charging parties both their own case files (including data submitted by the employer in response to Commission interrogatories) and "related case files"—files involving the same employer which were compiled during the investigation of similar charges filed by other individuals. The only conditions attached to such disclosures were that the charging party use the information "in connection with contemplated or pending litigation," and that he or she agree in writing not to make the information public except in the normal course of a civil action or other proceeding instituted under Title VII. The Commission admitted, however, that it had "no way of preventing charging parties from transmitting information" to others.

Lacking the assurance it sought, Horne's continued to withhold the information which the EEOC had requested in its interrogatories. On October 18, 1974, the Commission issued a subpoena for the information. On October 23, 1974, Horne's petitioned for revocation of the subpoena, and on May 9, 1975, its petition was denied.

Horne's did not comply with the subpoena. Instead, on June 27, 1975, Associated (Horne's parent company) filed the instant action, challenging the Commission's disclosure policies and seeking declaratory and injunctive relief. The EEOC moved to dismiss the suit. On June 25, 1976, this Court denied in part and sustained in part the Commission's motion to dismiss. *Associated Dry Goods Corp. v. EEOC,* 419 F.Supp. 814 (E.D.Va.1976). By order of July 8, 1976, the Court instructed the parties to brief the sole remaining issue: whether § 706(b) of Title VII, as civilly invoked, prohibited the EEOC from disclosing investigative materials to charging parties.[1] That issue has now been fully briefed. Additionally, the parties have addressed the closely related issue of whether § 709(e) of Title VII prohibits the EEOC from disclosing investigative materials to charging parties. These issues are now ripe for disposition.

For the reasons which follow, judgment on the merits will be entered in favor of Associated as to the disclosure issues. At the same time, the EEOC's application for enforcement of its investigative subpoena will be granted, subject to the conditions implicit in the Court's holding on disclosure.

## I.

Plaintiff specifically challenges the procedural regulations found at 29 C.F.R. §§ 1601.20[2] and 1610.17(d),[3] and the

---

1. Plaintiff is not challenging here the EEOC's disclosure of information in response to subpoenas, demands, or orders of courts to other authorities; or in cases where the EEOC is a party to the litigation; or in response to requests made by representatives of interested federal, state or local authorities. In short, plaintiff is not concerned in the instant case with disclosure to other governmental authorities. (Plaintiff's Supplemental Memorandum at 13, n. 16, filed August 9, 1976).

2. 29 C.F.R. § 1601.20, entitled "Confidentiality", provides as follows:

   Neither a charge, nor information obtained pursuant to § 709(a) of Title VII, nor information obtained from records required to be kept or reports required to be filed pursuant to §§ 709(c) and (d) of said Title shall be made matters of public information by the Commission prior to the institution under this Title of a court proceeding involving such charge or information.

   *This provision does not apply to such earlier disclosures to the charging party,* the respondent, witnesses, and representatives of interested federal, state and local agencies as may be appropriate or necessary to the carrying out of the Commission's functions under the Title, nor the publication of data derived from such information in a form which does not reveal the identity of the charging party, respondent or persons supplying the information. [Emphasis added.]

3. 29 C.F.R. § 1620.17(d) provides as follows:

EEOC's "special disclosure rules" contained in § 83 of the EEOC Compliance Manual.[4] Under these rules and regulations, the EEOC may furnish materials from its investigative files to employees contemplating private Title VII litigation against employers under investigation by the Commission. It is the plaintiff's contention that this practice contravenes the statutory non-disclosure provisions found at §§ 706(b) and 709(e) of Title VII.

Section 709(e) of Title VII, 42 U.S.C. § 2000e–8(e), provides, in pertinent part:

It shall be unlawful for any officer or employee of the Commission to *make public in any manner whatever* any information obtained by the Commission pursuant to its [investigative] authority . . prior to the institution of any proceeding

*Special disclosure rules apply to the case files for charging parties*, aggrieved persons on whose behalf a charge has been filed, and entities against whom charges have been filed. Special disclosure rules are available in the public reading areas of the Commission. Under §§ 706 and 709, case files involved in the administrative process of the Commission are not available to the public. [Emphasis added.]

4. Section 83 of the EEOC Compliance Manual, in pertinent part provides as follows:

Disclosure of Information in Case Files

83.1 *General*—Section 709(e) of Title VII makes it unlawful for any employee of the Commission to make public information obtained by the Commission pursuant to its general authority to investigate charges of discrimination prior to the institution of any proceeding under Title VII. The Fifth Circuit Court of Appeals has held (*Kessler v. EEOC*, 472 F.2d 1147 (5th Cir. 1973)) that granting access to such information to charging parties or their attorneys prior to the institution of a proceeding under Title VII is not "making public" within the meaning of that term as used in § 709(e).

. . . . .

83.3 *Conditions Precedent to Disclosure.* Information in case files may be disclosed on request to the persons indicated in 83.5 under the following conditions:

(a) *In Connection with Pending or Contemplated Litigation.* Information in case files may be disclosed provided that the request is made for the purpose of reviewing information in the case file in connection with pending or contemplated litigation. Access to the information will not be granted prior to the

under this subchapter involving such information. [Emphasis added.]

The crucial phrase with respect to the case at bar is "make public". The EEOC argues that charging parties are not members of the "public" for purposes of § 709(e). Thus, the EEOC takes the position that § 709(e) does not bar it from disclosing to charging parties information obtained pursuant to the Commission's statutory investigative powers.

The Court rejects the EEOC's contentions in this regard. The Court's reasoning is aptly expressed by the United States Court of Appeals for the District of Columbia Circuit in the case of *Sears, Roebuck and Co. v. EEOC*, 189 U.S.App.D.C. ——, 581 F.2d 941, 16 E.P.D. ¶ 8348 (1978). Facing nearly the identical issue posed in the in-

expiration of the 180-day period prescribed at Section 706(f)(1) of Title VII except when the charge has been dismissed or the aggrieved or charging party demonstrates a compelling need for access prior to the expiration of the 180-day period; and

(b) *Persons Requesting Disclosure Must Agree Not to Make the Information* Public. Information in case files may be disclosed only on the condition that the persons requesting disclosure agree in writing not to make the information obtained public except in the normal course of a civil action or other proceeding instituted under Title VII.

83.5 *Persons to Whom Information In Case Files May Be Disclosed.* Information in case files may be disclosed on request, after complying with the expunction requirements discussed in 83.6, to *only* the following persons:

(a) Charging Parties and their attorneys (except as otherwise provided in 83.5(c) below);

(b) Aggrieved persons in case files involving Commissioner Charges and their attorneys provided that such persons have been notified of their status as aggrieved persons pursuant to Section 1601.25(c) of the Commission's Procedural Regulations;

(c) Persons or organizations filing on behalf of an aggrieved person, provided that the aggrieved person has given written authorization to the person who filed on his or her behalf to act as the aggrieved person's agent for this purpose and their attorneys;

. . . . .

(e) Respondents and their attorneys, provided that the charging party or aggrieved person has filed suit under Title VII.

stant case, the District of Columbia Circuit stated:

An examination of the overall statutory scheme persuades us that Title VII was never meant to permit dissemination of EEOC investigative data to anyone not within the government.

. . . It would do violence to the scheme of negotiation and settlement if the Commission were permitted to encourage numerous private litigants by distributing information from EEOC files before the administrative procedures of Title VII had run their course.

16 E.P.D. ¶ 8348, at 5835.

The District of Columbia Circuit also noted in *Sears* that the EEOC had no effective means of controlling the manner in which charging parties used information which they obtained from the Commission's files:

Although the Commission extracted promises from the requesting parties with respect to some of the information it proposed to distribute in the instant case, such promises obviously are not enforceable against those receiving information.

. . . As there is nothing to prevent charging parties from redistributing what they receive from the EEOC to whomever they please, distribution of investigative file data to charging parties would be tantamount to distribution to the public at large.

16 E.P.D. § 8348 at 5836.

Finally, the *Sears* opinion distinguished *H. Kessler & Co. v. EEOC*, 472 F.2d 1147 (5th Cir.) (*en banc*), *cert. denied.*, 412 U.S. 939, 93 S.Ct. 2774, 37 L.Ed.2d 398 (1973), formerly the leading case interpreting § 709(e). That case held that an individual charging party could be given access to his own EEOC investigative file. The District of Columbia Circuit expressly declined to extend the *Kessler* holding to a situation involving numerous requests by parties bringing related charges, as opposed to the single request by the initial charging party involved in *Kessler*. Moreover, the *Sears*

opinion implied that *Kessler* itself might no longer be viable in light of the 1972 amendments to Title VII, none of which were considered in that case. For the same reasons, the Court is of the view that *Kessler* is inapplicable to the case at bar.

In summary, the Court of Appeals for the District of Columbia Circuit held in *Sears* that § 709(e) of Title VII prohibited the EEOC from disclosing its investigative files to anyone outside the government, including charging parties.

The District of Columbia Circuit reached a parallel conclusion in reference to § 706(b) of Title VII, 42 U.S.C. § 2000e–5(b). That section provides, in relevant part:

Nothing said or done during and as a part of . . . informal endeavors [at conciliation], may be *made public* by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned. [Emphasis added.]

Observing that § 706(b) uses essentially the same "make public" language found in § 709(e), and finding no reason to construe the two provisions differently, the Court of Appeals held that § 706(b) prohibited the EEOC from disclosing to parties outside the government any information gleaned from settlement or conciliation negotiations.

This Court finds the reasoning of the District of Columbia Circuit in its *Sears* decision to be persuasive. Moreover, by facilitating and encouraging the conciliation process, the *Sears* interpretation of §§ 706(b) and 709(e) is in complete harmony with the Fourth Judicial Circuit's recognition that the EEOC's statutory duty to attempt conciliation "is among its most essential functions." *Patterson v. American Tobacco Co.*, 535 F.2d 257, 272 (4th Cir. 1976). Consequently, this Court adopts the view stated in *Sears* and will enter judgment on the merits in favor of the plaintiff regarding the validity of the EEOC rules and regulations at issue here.[5]

---

**5.** By letter of June 28, 1978, counsel for the EEOC made the surprising claim that "the United States Court of Appeals for the Fourth

Circuit has already decided the issue of 'making public' under Title VII contrary to the decision reached in *Sears, supra.*" In support of

## II.

It remains to be considered whether the EEOC's application for enforcement of its subpoena *duces tecum* should be granted. While the plaintiff has advanced extensive arguments against enforcement, the Court is of the view that the application should be granted.

The EEOC applied for the enforcement of its administrative subpoena *duces tecum* against Horne's on May 24, 1976, in the United States District Court in Pittsburgh, Pennsylvania. On September 28, 1976, that court transferred the enforcement action to this Court for consolidation with the pending action filed by Associated. On March 1, 1977, this Court issued an order effecting consolidation.

The subpoena in question directs Horne's to produce certain records which the EEOC considers relevant to its investigation of specified charges of unfair employment practices against Horne's. Plaintiff's arguments against enforcement will be considered seriatim.

Plaintiff's first contention is that the EEOC never formally approved its Compliance Director's determination on Horne's petition to revoke the subpoena. There is no question that the subpoena was properly issued, that Horne's filed a timely petition to revoke same, and that the EEOC

Director of Compliance denied the petition to revoke. Plaintiff's argument focuses on the next step in the administrative process, the full Commission's review and approval of the Compliance Director's denial of the petition. Pursuant to 29 C.F.R. § 1601.-15(b), the determination of the Director of Compliance "shall be reviewed by the Commission and unless the Commission decides otherwise shall become final three days thereafter." The heart of plaintiff's argument here is that the determination of the Director of Compliance was never actually "reviewed by the Commission" because, whereas it takes three members of the Commission to constitute a quorum, only two members apparently reviewed the determination by the Director of Compliance. Thus, plaintiff contends, no Commission action ever occurred with respect to Horne's petition to revoke the subpoena.

The Court is not impressed by this contention. While it may be factual that review of the Compliance Director's determination was conducted by less than a quorum of the Commission, the third Commissioner's absence was in the Court's view immaterial because his vote would not have affected the result. The two votes approving the Compliance Director's determination would most likely have prevailed in any event.[6] Consequently, the Court considers

---

this proposition the EEOC cited *Charlotte-Mecklenburg Hospital Authority v. EEOC*, 571 F.2d 195 (1978). The Court has carefully reviewed the *Charlotte-Mecklenburg* case and finds no support for any such contention. *Charlotte-Mecklenburg* was a Freedom of Information Act ("FOIA") case. While §§ 706(b) and 709(e) of Title VII figured in the opinion, disclosure policy regarding investigative files was not in issue because both litigants agreed that Title VII permitted certain disclosures to the charging party and the charged employer. In that posture the case hinged on exemption three of the FOIA and the Court had no reason to analyze the "make public" language of §§ 706(b) and 709(e).

To the extent that *Charlotte-Mecklenburg* does contain an implicit holding on §§ 706(b) and 709(e), however, it is only that certain disclosures from investigative files are permissible to charged *employers*. The decision contains no similar implication regarding charging employees. Indeed, the court apparently left open the issue faced in the instant case, noting that

while Title VII did not appear to bar disclosure to a charged employer, "it may prohibit disclosure to some other party." 571 F.2d at 200–201 *(footnote omitted)*.

**6.** Associated's position as set forth in their memorandum filed February 11, 1977, at p. 28, n. 64, is as follows:

> Since a single Commissioner may request that a "hold" be placed on any proposed Determination in order to bring the case before the Commission, the failure to have a statutory quorum review the Director of Compliance's suggested disposition may have a decisive impact upon the outcome of the petition.

[Citing EEOC Compliance Procedures Manual, § 24.4(6).]

This position loses viability in light of the fact that the Commission was not at full strength during the relevant time period. Indeed, as Associated recognizes, there were only two active commissioners at the time the Compliance Director's determination was reviewed. Two

the apparent deviation from Commission regulations to be *de minimis,* and therefore insufficient grounds for denying enforcement of the Commission's subpoena.

■ The plaintiff's second argument against enforcement is that the EEOC should be precluded from pursuing its own investigation with respect to charges which are the subject of private Title VII actions. This contention is also unpersuasive. The very case cited by plaintiff in support of its proposition, *EEOC v. Duval Corp.,* 528 F.2d 945 (10th Cir. 1976) explicitly states that the EEOC has the right to intervene in any pending private Title VII action. The United States Court of Appeals for the Third Circuit has gone even further, holding that the EEOC has the authority to bring an independent action, even if it is based on the same facts or charges as a previously instituted private Title VII suit. *See EEOC v. North Hills Passavant Hospital,* 544 F.2d 664, 672 (3d Cir. 1976). In light of the Supreme Court's holding in *Occidental Life Insurance Co. v. EEOC,* 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977), that EEOC actions are not subject to any statute of limitations, intervention or independent action by the EEOC with respect to the private litigation under way against Horne's remains a realistic possibility. The fact that private litigation is pending therefore provides no grounds for denying enforcement of the EEOC investigative subpoena.

■ Plaintiff's final argument is that enforcement of the subpoena should be denied on grounds of laches. It is the law of this Judicial Circuit that laches will not bar enforcement of an EEOC investigative subpoena "when neither prejudice to the employer nor misconduct by the agency has been established." *EEOC v. South Carolina National Bank,* 562 F.2d 329, 333 (4th Cir. 1977). *Accord, EEOC v. Exchange Security Bank,* 529 F.2d 1214, 1216–17 (5th Cir. 1976). Plaintiff alleges both prejudice and agency misconduct, but its arguments must fail.

Regarding prejudice, plaintiff's position is that because the EEOC delayed in seeking enforcement of its subpoena, Horne's has been forced to defend simultaneously against the private litigation and the EEOC enforcement action for many months. Since the EEOC has the right to continue its investigative efforts after private litigation has been initiated, however, *see EEOC v. North Hills Passavant Hospital, supra,* the alleged prejudice results not from the EEOC's delay in seeking enforcement, but rather from the extent of the EEOC's investigative authority under Title VII. Such "prejudice" is not grounds for this Court to deny enforcement of an EEOC subpoena.

■ Regarding agency misconduct, plaintiff notes that the EEOC, upon bringing its enforcement action in the United States District Court in Pittsburgh, failed to in-

---

of the five allocated positions were vacant, and the third commissioner had been hospitalized as a result of a heart attack. Thus, even if the two active commissioners had waited for the third commissioner to recover, or for a new commissioner to be confirmed, the third commissioner could at best have brought the Horne's petition before the Commission which would have been composed of himself and the two commissioners who had already endorsed the Compliance Director's determination. This is quite different from the normal situation, when the Commission is functioning with its full complement of five active commissioners, for in that situation a third commissioner's "hold" can bring the petition before at least two commissioners who have not yet reviewed the Compliance Director's determination. In that case, a third commissioner's review might often be decisive.

Assuming that a third commissioner had been available to review the Compliance Director's determination, however, his review would have been material only *if* he had placed a "hold" on it, and *if* he had maintained his disagreement with the Compliance Director's determination after hearing the full facts, and *if* one of the other commissioners had joined him by withdrawing his original approval of the subpoena. Only then would Horne's petition to revoke the subpoena have been granted. This set of possibilities is in the Court's view too tenuous to serve as grounds for denying enforcement of the EEOC's subpoena, especially in view of the problems facing the Commission at that time. Congress cannot have intended that the Commission be paralyzed during the entire time it operated with only two active commissioners.

form that court that it was already defending a related action pending in this Court. Moreover, plaintiff points out that although the EEOC urged this Court to dismiss Associated's action for lack of subject matter jurisdiction on grounds that the Commission had not yet moved to enforce its subpoena, the EEOC failed to notify this Court when the enforcement action was filed in Pittsburgh. In the same vein, plaintiff urges that the eleven month delay between the filing of Associated's action in this Court and the filing of the EEOC's enforcement action in Pittsburgh was motivated by the Commission's desire to gain a tactical advantage in its motion to dismiss Associated's pending action in this Court. Finally, plaintiff cites certain procedural irregularities in the issuance of the subpoena, including the lack of a quorum in reviewing the Compliance Director's determination, a matter which the Court has already dismissed as immaterial. While the Court would characterize the procedure of the Commission in issuing and enforcing this subpoena as unusual, the Court is not satisfied that such procedure sinks to the level of "misconduct" warranting denial of enforcement of an EEOC subpoena.

As plaintiff has established neither prejudice nor misconduct to the satisfaction of the Court, the EEOC's application for enforcement of its subpoena *duces tecum* will be granted. Disclosure of the information obtained via the subpoena will, of course, be limited by the Court's decision regarding §§ 706(b) and 709(e) of Title VII.

### III.

■ Finally, the Court must address plaintiff's request for an award of reasonable counsel fees and other litigation costs in connection with its defense against the EEOC's subpoena enforcement action. Under § 706(k) of Title VII, such fees can properly be awarded only to a "prevailing party". 42 U.S.C. § 2000e-5(k). Since plaintiff has not prevailed in its efforts to deny enforcement of the subpoena, this Court is without authority to award attorney's fees as requested.

### IV.

To summarize the Court's holdings:

(1) The EEOC's application to enforce its investigative subpoena *duces tecum* will be granted;

(2) The EEOC is prohibited from disclosing the information so obtained to any charging party, and any EEOC rules and regulations to the contrary are invalid; and

(3) Plaintiff's request for attorney's fees will be denied.

An appropriate order will issue.