**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Applicant,**

v.

**DELAWARE STATE POLICE,
Respondent.**

**Misc. No. 85–44.**

United States District Court,
D. Delaware.

Oct. 3, 1985.

452

Edmond Falgowski, Asst. U.S. Atty., Wilmington, Del., Susan DeLarm, E.E.O.C., Philadelphia, Pa., for applicant.

James J. Hanley, Deputy Atty. Gen., Wilmington, Del., for respondent.

1. The EEOC originally issued the subpoena to the State Police on March 15, 1984. The respondent refused to comply, on the ground that the EEOC lacked authority to enforce the ADEA because of the Supreme Court's decision in *INS v. Chadha,* 462 U.S. 919, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983). After Pub.L. No. 88–532 was passed and the challenge to EEOC's enforcement power mooted, the EEOC issued a new subpoena.

## OPINION

MURRAY M. SCHWARTZ, Chief Judge.

This case involves a challenge by the respondent Delaware State Police ("the State Police") to the relevancy of certain parts of a subpoena duly issued by the applicant, the Equal Employment Opportunity Commission ("the EEOC").

## FACTS

Pursuant to its authority under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("the ADEA"), the EEOC is investigating employment practices of the Delaware State Police which involve mandatory retirement and age limitations in hiring. 29 U.S.C. § 626(a) (1982). In the course of its investigation, the EEOC on January 9, 1985, issued a subpoena to the State Police.[1]

The subpoena requests eight categories of documents. The respondent has refused to answer, asserting the EEOC's request for certain information cannot be relevant to the EEOC investigation. The EEOC requests summary judgment to compel the production of the requested documents under Fed.R.Civ.P. 81(a)(3), which provides the Federal Rules of Civil Procedure are applicable to administrative-agency subpoenas.[2]

## ANALYSIS

■ The Supreme Court articulated the requirements for enforcement of a subpoena issued by an administrative agency in *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964). The government must prove a) the investigation has a legitimate purpose, b) the inquiry may be relevant to the purpose,

2. The EEOC had earlier filed an application for an order to show cause why its subpoena should not be enforced by the Court. On May 17, 1985, the Court granted the application and ordered a hearing to be held on June 27, 1985. On June 21, 1985, the Court vacated its May 17 order because the EEOC had not served the respondent. A hearing on the motion was rescheduled for September 24, 1985.

c) the information sought is not within the agency's possession, and d) the agency has followed the proper administrative steps in issuing the subpoena. The Court of Appeals for the Third Circuit has applied the criteria of *Powell* in the context of challenged EEOC subpoenas. *See EEOC v. University of Pittsburgh*, 643 F.2d 983, 985 (3d Cir.), *cert. denied*, 454 U.S. 880, 102 S.Ct. 362, 70 L.Ed.2d 190 (1981).

, To determine the relevancy of information sought by subpoena in an ongoing ADEA administrative investigation by the EEOC, the Court looks to the remedial purpose of the ADEA. The statute requires that the material requested "relate[ ] to unlawful employment practices" and be "relevant to the charge under investigation." 42 U.S.C. § 2000e–8(a); *EEOC v. University of Pittsburgh*, 643 F.2d at 986.

**1. *Statute-of-Limitations Objection***

The State Police object to ¶¶ 6 and 7 of the administrative-agency subpoena to the extent that the EEOC has requested information for the past three years.[3] The State Police contend the EEOC is entitled to information for only two years because the applicable statute of limitations is purportedly two years. Respondent argues that information dating back three years can be relevant only if the EEOC could successfully establish the State Police "willfully" violated the ADEA. The State Police urge a charge of "willfulness" cannot be sustained, because the ADEA was held to apply to the states only in *EEOC v. Wyoming*, 460 U.S. 226, 103 S.Ct. 1054, 75 L.Ed.2d 18 (1983), which was decided less than three years ago.

■ The law is against respondent's position. A party may not defeat an agency's authority to investigate by raising what could be a defense if the agency subsequently decides to bring an action against the party. *EEOC v. Children's Hospital Med. Ctr.*, 719 F.2d 1426, 1429 (9th Cir. 1983). In *Pacific Maritime Association v. Quinn*, 491 F.2d 1294, 1296–97 (9th Cir. 1974), the Court of Appeals for the Ninth Circuit held it is premature to allow a party being investigated by the EEOC to raise the statute of limitations as a defense to a demand for documents. *Accord, EEOC v. South Carolina Nat'l Bank*, 562 F.2d 329, 332 (4th Cir.1977).

■ There is no complaint pending against the respondent by either the EEOC or some allegedly injured party. It would be an inappropriate exercise of judicial power in an administrative subpoena enforcement proceeding to determine the merits of a statute of limitations defense that might be raised to a hypothetical future complaint by the EEOC against the State Police. Respondent may raise its defense based on the statute of limitations only at such time as a complaint against it is filed.

---

**3.** Paragraph 6 and 7 of the challenged subpoena read:

6. For each [employment] position [in the workforce of the Delaware State Police which has a maximum hiring age], submit documents showing the following information relating to all persons who sought to apply or applied for the position but were disqualified due to the age qualification for the past three years;
A. Name and address,
B. The position sought or applied for and the date(s) he/she sought to apply or applied,
C. If he/she completed an application, submit a copy of the application,
D. If a letter of disqualification was sent, submit a copy of the letter,
E. If the person's age or date of birth is known, submit documents showing this information. If not known, submit documents showing the basis upon which it is known that the person was disqualified due to the age qualification.
7. For all [employment positions in the workforce of the Delaware State Police which are] subject to mandatory retirement, submit the following documents for each employee who retired within the last three years:
A. Name, address and telephone number,
B. The position/rank held prior to the date the retirement commenced,
C. The date retirement commenced,
D. If the retirement commenced at an age or time different from that stated in the statute or regulation, submit documents which show each and every reason for the exception.

The State Police have not otherwise challenged the relevancy of the EEOC's request for information dating back three years. The information sought relates to possible unlawful employment practices of the State Police and is therefore relevant to the agency's broad investigation of possible Delaware State Police ADEA violations.

## 2. BFOQ Objection

■ The Delaware State Police also object to the EEOC's requests in ¶¶ 3(E), 4, and 5 for physical-fitness tests, training, and programs, and for documents concerning periodic medical examinations.[4] Respondent asserts these requests are not relevant because the information sought relates only to respondent's possible bona fide occupational qualification (BFOQ) defense to a *prima facie* case of age discrimination.

Respondent's position assumes that the EEOC as part of its investigatory power under the ADEA has no authority to investigate whether there might be a valid statutory defense to a prima facie case of age discrimination. Respondent's assumption is wrong.

The ADEA provides that "[i]t shall not be unlawful for an employer ... to take any action otherwise prohibited ... where age is a bona fide occupational qualification reasonably necessary to the normal operation of the particular business, or where the differentiation is based on reasonable

factors other than age." 29 U.S.C. § 623(f)(1) (1982). This provision undergirds the EEOC's claim of relevance.

Since an employer may lawfully use age qualifications in certain instances, the EEOC must be able to determine whether the Delaware State Police are using age qualifications properly. If the EEOC concludes that the State Police are using age criteria in a legally permissible manner, it then can terminate its investigation without taking any further administrative or judicial enforcement actions. The EEOC's request for information on physical fitness and medical examinations is therefore highly relevant to the EEOC's investigation of the State Police.

An order will be entered granting the EEOC's motion for an order directing compliance with the administrative subpoena. Respondent will be given 30 days within which it shall comply with the subpoena.

---

**4.** The challenged portions of the administrative subpoena are:

3. For each [employment position in the workforce of the Delaware State Police] which has a mandatory retirement age, submit documents showing the following:

. . . . .

E. Any physical fitness tests or physical training administered to employees while they are in these positions.
4. If D.S.P. [Delaware State Police] has an ongoing physical fitness program for all police officers and higher ranked officers, submit documents which show and describe the following:
A. The nature and purpose of the physical fitness program, including the physical fitness regimen and its duration,
B. The title of D.S.P. positions not required to comply with the program,

C. The specific steps taken to see that employees are adhering to the physical fitness program.
5. For each [employment position in the workforce of the Delaware State Police which has a mandatory retirement age], if the D.S.P. periodically requires the administration of medical examinations, submit documents which show the following information:
A. The extent of the medical examination,
B. The frequency of the medical examination,
C. The specific physical standards that must be met,
D. The D.S.P. positions not required to submit to periodic medical examination and the reasons for not requiring a medical examination for each.