**UNITED STATES of America, Petitioner,**

v.

**BLUE CROSS AND BLUE SHIELD OF MICHIGAN, Respondent.**

**Misc. No. 89–1562.**

United States District Court, E.D. Michigan, S.D.

Dec. 12, 1989.

Ellen E. Christensen, Asst. U.S. Atty., Detroit, Mich., J. Christopher Kohn, U.S. Dept. of Justice, Sandra P. Spooner, Washington, D.C., for petitioner.

Joseph W. Murray, Blue Cross and Blue Shield, James A. Smith, Charles N. Raimi, Bodman, Longley & Dahling, Detroit, Mich., for respondent.

## MEMORANDUM OPINION AND ORDER

WOODS, District Judge.

### I.

On January 17, 1989, the Office of Inspector General ("OIG") for the Department of Health and Human Services ("HHS") commenced an audit of Blue Cross and Blue Shield of Michigan ("Blue Cross") regarding the implementation of the Medicare secondary payer ("MSP") laws. The MSP laws are designed to shift responsibility for the payment of certain health care benefits from Medicare to private employer group health plans. *See* 42 U.S.C. § 1395y(b).

In Michigan, Blue Cross acts as a private insurer, underwriter and administrator of employer group health plans. Blue Cross, however, further contracts with the Health Care Financing Administration ("HFCA"), an agency of HHS, to implement the federal Medicare program in Michigan. Blue Cross in this regard is deemed a "fiscal agent" of the HFCA and essentially processes Medicare claims for the government.

During the OIG audit, Blue Cross objected to many of the document requests by the OIG which pertained to Blue Cross's activities as a private insurer, underwriter and administrator of employer group health plans, since this information, it is argued, has no relation to Blue Cross's actions as a fiscal agent of the HFCA.

The United States then brought the instant action to judicially enforce the OIG subpoena. 5 U.S.C. App. 3 § 6(a)(4). In accordance with Blue Cross's objections to the subpoena, Blue Cross requested certain admissions from the United States. In response the United States filed a motion to quash this proposed discovery. Blue Cross then requested an evidentiary hearing before the Court prior to any ruling on the petition to enforce the subpoena. Furthermore, Blue Cross has also filed a motion to quash the OIG subpoena in a related civil suit, *United States v. Blue Cross and Blue Shield of Michigan,* 726 F.Supp. 1517 (E.D. Mich.1989), brought by the United States to recover alleged Medicare overpayments under the MSP laws. The Court will address the motion to quash herein rather than in the related civil case.

### II.

Initially, the Court finds that the OIG subpoena should be enforced or

quashed on its face, with supporting and opposing briefs and affidavits, and that any proposed discovery or evidentiary hearings are unnecessary. *United States v. Garden State National Bank*, 607 F.2d 61, 71 (3d Cir.1979); *United States v. Aero Mayflower Transit Co.*, 831 F.2d 1142, 1147 (D.C. Cir.1987). Therefore, IT IS HEREBY ORDERED that the motion of the United States to quash discovery be GRANTED, and that the request of Blue Cross for an evidentiary hearing be DENIED.

### III.

 Blue Cross's motion to quash the administrative subpoena argues that the information requested by the OIG is merely the government's attempt to thwart the discovery process in the related civil matter. Blue Cross further argues that the subpoena is overbroad and beyond the scope of the OIG's investigation. The United States asserts that the subpoena is proper, not overly burdensome, and not intended for any improper purpose.

The OIG is given broad statutory powers to conduct audits and investigations of the programs and operations of HHS. *See* 5 U.S.C. App. 3 §§ 1–12 (Inspector General Act of 1978). The purposes of this broad grant of power are to promote economy and efficiency and to prevent and detect fraud and abuse in HHS programs. 5 U.S.C. App. 3 § 4(a).

In a subpoena enforcement action the Court's role is to determine whether the "inquiry is within the authority of the agency, the demand is not too indefinite, and the information sought is reasonably relevant" to the agency's inquiry. *United States v. Morton Salt Co.*, 338 U.S. 632, 652, 70 S.Ct. 357, 368, 94 L.Ed. 401 (1950); *United States v. Aero Mayflower Transit Co.*, 831 F.2d at 1145. In the present case, the Court finds that the United States has made a prima facie case for the enforcement of the subpoena in that it falls within the independent statutory authority of the OIG to investigate and audit the implementation of the MSP laws and the loss of federal Medicare funds, which investigation is independent of the related civil action.

Furthermore, the subpoena is not too indefinite, and seeks reasonably relevant information. The Court further finds that Blue Cross has not made a showing that the subpoena is an abuse of power or an undue burden. *EEOC v. South Carolina National Bank*, 562 F.2d 329, 332 (4th Cir. 1977).

Therefore, IT IS HEREBY ORDERED that the motion of Blue Cross to quash or stay the administrative subpoena be DENIED and that the petition of the United States for summary enforcement of the Inspector General subpoena be GRANTED.

So ordered.