NIEMEYER, Circuit Judge,
concurring in the judgment:
I share Judge Wilkinson’s sensible view that a “full-blown merits review” is premature at the subpoena-enforcement stage. Ante at 667. But we have- previously explained that an agency must “show that the exercise of its jurisdiction is supported by reasonable cause [when] the person to whom the subpoena is directed raises' a substantial question that the court’s process will be abused by enforcement.” EEOC v. S.C. Nat’l Bank, 562 F.2d 329, 332 (4th Cir.1977) (emphasis added). Here, the employer has raised ' such a question, contending that the EEOC’s issuance of a subpoena based on a charge filed against it by a foreign national unauthorized to work in the United States exceeds the scope of the agency’s statutorily prescribed, investigative' authority. Judge Wilkinson elides this question by focusing on the formalities of the,EEOC’s jurisdictional requirement. I write separately to emphasize its substantive component.
In order to obtain judicial enforcement of a subpoena, “the-. EEOC must show,” among other things, “that ... it is authorized ,to make such investigation.” EEOC v. Wash. Suburban Sanitary Comm’n, 631 F.3d 174, 180 (4th Cir.2011) (internal quotation marks and citation -omitted). In the instant case; the: EEOC asserts that it derives its authority to investigate Elmer Escalante’s - complaint from Title VII, which provides -that the Commission, “[i]n connection with any investigation of a charge,” may only access evidence “that relates to unlawful employment practices covered by this subchapter and is relevant to the charge under investigation.” 42 U.S.C. § 2000e-8(a). Indeed, the Supreme- Court has cautioned that, under Title VII, the EEOC’s power to issue subpoenas must be tethered to the investigation of a “valid charge,” distinguishing the EEOC from other agencies that enjoy more “plenary” investigative authority. EEOC v. Shell Oil Co., 466 U.S. 54, 64-65, *669 104 S.Ct. 1621 (1984) (emphasis added). As the Court has explained,-
In construing the EEOC’s authority to request judicial enforcement of its subpoenas, we must strive to give effect to Congress’ purpose in establishing a linkage between the Commission’s investigatory power and charges of discrimination. If the EEOC were able to insist that an employer obey a subpoena-despite the failure of the complainant to file a valid charge, Congress’ desire -to prevent the Commission from exercising unconstrained investigative authority would be thwarted. Accordingly, we hold that the existence of a charge that meets the requirements set forth in § 706(b), 42 U.S.C. § 2000e-5(b), is a jurisdictional prerequisite to judicial enforcement of a subpoena issued by the EEOC.
Id. at 65,104 S.Ct. 1621 (emphasis added).
While Judge Wilkinson views Shell Oil’s “jurisdictional prerequisite” satisfied as long as certain formalities are fulfilled, see ante at. 666-67, § 706(b) also contains the substantive requirement that a valid charge allege that the employer “has engaged in an unlawful employment practice,” 42 U.S.C. § 2000e-5(b). Judicial enforcement of a subpoena issued by the EEOC must therefore insist that' the sought-after evidence relate...to a charge that plausibly alleges “an unlawful employment practice.” Id.
It is not immediately clear that this component of the jurisdictional prerequisite is satisfied in this case — where all parties agree that Escalante is a foreign national who is unauthorized to-work in the United States — given this court’s precedent casting doubt on whether Title VII covers employment relationships expressly prohibited by immigration statutes. See Egbuna v. Time-Life Libraries, Inc., 153 F.3d 184, 188 (4th Cir.1998) (en banc) (per curiam) (holding that an unauthorized alien whose former employer refused to rehire him lacked a cause of action under Title VTI bécause ruling otherwise “would sanction the formation of a statutorily declared illegal relationship” “[g]iven Congress’ unequivocal declaration [in the Immigration Reform and Control Act of 1986] that it is illegal to hire unauthorized' aliens”). Where “the person to whom [an EEOC] subpoena is • directed raises a substantial question” that the subpoena specifically seeks to facilitate the investigation of alleged employment practices that are categorically excluded from Title VTI, S.C. Nat’l Bank, 562 F.2d at 332, courts must engage in serious consideration of the agency’s potential encroachment before concluding that its enforcement request is supported by a “plausible” or “arguable” basis for jurisdiction, ante at 665. Such consideration would be consistent with both our “limited” role at the subpoena-enforcement stage,' ante at. 665, and the Supreme Court’s insistence that we not “thwart[]” “Congress’ desire to prevent the Commission from exercising unconstrained investigative authority,” Shell Oil, 466 U.S. at 65, 104 S.Ct. 1621.
Moreover, examining whether the EEOC’s application for subpoena enforcement exceeds its substantive jurisdiction would not place us in “a world where an employer could impose all manner of harsh working conditions upon undocumented aliens, and no questions could be asked, no charges filed, and no agency investigation even so much as begun.” Ante at 667. It would simply recognize that an investigation of the employer’s alleged civil and criminal violations of the immigration laws may fall more appropriately under the purview of other agencies, whose jurisdictions are defined by other, more applicable statutory parameters.
*670 Nonetheless, I concur in the judgment to enforce the subpoena in this case because, although the facts pertaining to Es-calante’s immigration status are clear, the record plausibly suggests that the employer has engaged in a practice or pattern of discrimination that adversely affects other employees who are authorized to work in the United States. See 42 U.S.C. §§ 2000e-5(f), 2000e-6(e) (permitting the EEOC to bring civil actions). Moreover, the scope of Egbuna has not been fully delineated where an unauthorized alien is actually working for an employer covered by Title VIL I agree, therefore, that the EEOC is “arguabl[y]” or “plausiblfy]” acting within its investigative jurisdiction here, ante at 665, even as I underscore Judge Wilkinson’s caution that “courts [must] stand ready to curb ... administrative overreach” when such jurisdiction is lacking, ante at 667.