**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Appellee,**

v.

**OCEAN CITY POLICE DEPARTMENT, Appellant.**

No. 85–1798.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 4, 1986.

Decided April 10, 1986.

Scott L. Sherman (Richard T. Sampson, Kathleen Pontone, Semmes, Bowen & Semmes, Baltimore, Md., on brief), for appellant.

Peggy Mastroianni, E.E.O.C. (Johnny J. Butler, Acting Gen. Counsel, Gwendolyn Young Reams, Acting Associate Gen. Counsel, Susan Buckingham Reilly, Asst. Gen. Counsel, Washington, D.C., on brief), for appellee.

Before WIDENER and HALL, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

K.K. HALL, Circuit Judge:

The Ocean City Police Department (the "Department") appeals from the district court's order, 617 F.Supp. 1133, enforcing a subpoena *duces tecum* issued by the Equal Employment Opportunity Commission ("EEOC") to the Department, pursuant to section 710 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-9. We affirm, but for reasons different from those expressed by the district court.

## I.

The subpoena *duces tecum* was issued in connection with a charge of racial discrimination filed against the Department by a former employee, Keith L. Wright. Wright, a black male, was employed by the Department as a police officer from September 15, 1980, until his termination on April 14, 1981. On December 21, 1981, 251 days after he was terminated, Wright filed a charge of discrimination with EEOC.

EEOC sent a copy of Wright's charge together with a Transmittal Form 212–A to the Maryland Commission on Human Relations ("MCHR"). The Transmittal Form indicated that, pursuant to the Worksharing Agreement[1] between EEOC and MCHR, EEOC would initially process Wright's charge. On January 19, 1982, MCHR sent the Form 212–A back to EEOC with an acknowledgement of receipt noted in the upper right hand corner. The charge was then investigated by EEOC in accordance with the provision of the Worksharing Agreement which provided that EEOC would be responsible for the processing of charges initially filed with it.

On December 6, 1983, EEOC issued a subpoena *duces tecum* to the Department, requesting the production of certain documents it alleged were necessary to its investigation of Wright's claims. The Department declined to turn over the requested documents and filed a petition to revoke or modify the subpoena, which was denied by EEOC. In March, 1984, the Department filed an administrative appeal, which was also denied by EEOC.

Thereafter, the Department continued to refuse to comply with the subpoena, and EEOC initiated this subpoena enforcement action in federal district court. The Department opposed enforcement on the ground that Wright had failed to file a timely charge of discrimination within 180 days of the alleged unlawful act as required by section 706(e) of Title VII[2] and that, therefore, EEOC was precluded from investigating the charge. Following a nonevidentiary hearing, the district court held that the charge had been timely filed, and it granted EEOC's application for enforcement of the subpoena. Subsequently, the district court granted the Department's Fed.R.Civ.P. 62(c) motion and stayed its subpoena enforcement order pending the outcome of this appeal.

---

1. It is EEOC's practice to enter into "worksharing" agreements with state anti-discrimination agencies in order to eliminate duplication of effort. *See* 29 C.F.R. § 1601.13(c). These agreements assign each agency primary responsibility for investigating different categories of charges. Under the Worksharing Agreement between MCHR and EEOC, "[t]he EEOC will take primary responsibility for processing all charges originally received by EEOC." The Worksharing Agreement further provides that EEOC is to process all Title VII charges received by it "beyond six (6) months but before 300 days after the alleged violation." In addition, the Worksharing Agreement states that MCHR "waives its exclusive rights to specific periods of initial processing" granted to it by Title VII for those charges which the Worksharing Agreement assigns for initial processing to EEOC.

2. Section 706(e) provides, in pertinent part, the following:

> *A charge* under this section *shall be filed within one hundred and eighty days* after the alleged unlawful employment practice occurred ..., *except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency* with authority to grant or seek relief from such practice ..., *such charge shall be filed* by or on behalf of the person aggrieved *within three hundred days* after the alleged unlawful employment practice occurred.

42 U.S.C. § 2000e–5(e) (emphasis added).

## II.

On appeal, the Department contends that the district court erred in enforcing EEOC's subpoena *duces tecum.* Specifically, the Department argues that EEOC did not have authority to issue the subpoena and investigate Wright's charge because the charge was not timely filed. According to the Department, the charge was untimely because it was not filed within 180 days and it was not first deferred to MCHR as required by section 706(c).[3] We do not address appellant's contention, because we conclude that the issue of the timeliness of the charge was not properly before the lower court in this subpoena enforcement proceeding.[4]

 Title VII confers upon EEOC the authority to investigate charges, to issue subpoenas, and to have subpoenas enforced. 42 U.S.C. §§ 2000e–5(b), 2000e–8(a), and 2000e–9. Courts are required to enforce administrative subpoenas if the investigation is within the authority of the agency, the demand is not too indefinite or burdensome, and the information sought is reasonably relevant. *United States v. Morton Salt Co.,* 338 U.S. 632, 652, 70 S.Ct. 357, 368–69, 94 L.Ed. 401 (1950); *EEOC v. South Carolina National Bank,* 562 F.2d 329, 332 (4th Cir.1977). In this case, the Department does not contend that the subpoenaed information is irrelevant or the demand too indefinite or burdensome. Its sole argument is that EEOC lacks authority to investigate because the charge was not timely filed. We determine, however, that EEOC is not required to resolve whether a charge was timely filed as a prerequisite to its being able to conduct an investigation on that charge. Nor is the timely filing of a charge a matter to be considered by the district court in a subpoena enforcement proceeding.

In such a proceeding, the district court's role is "sharply limited." *South Carolina National Bank,* 562 F.2d at 332. "The administrative agency, not the court, is responsible for determining in the first instance through its preliminary investigations the coverage of the statutes the agency must administer." *Id.* (citations omitted). Questions of coverage or jurisdiction, such as whether the underlying charge is timely, are not for the court to decide in a subpoena enforcement proceeding. *See Endicott Johnson Corp. v. Perkins,* 317 U.S. 501, 509, 63 S.Ct. 339, 343, 87 L.Ed. 424 (1943).

The Supreme Court has held that an EEOC subpoena should be enforced so long as the underlying charge is valid. *EEOC v. Shell Oil Co.,* 466 U.S. 54, 104 S.Ct. 1621, 1629, 80 L.Ed.2d 41 (1984). To be valid, the charge need only meet the requirements of section 706(b). *Id.* Section 706(b) states, in relevant part, as follows:

> Whenever a charge is filed by or on behalf of a person claiming to be aggrieved ... alleging that an employer ... has engaged in an unlawful employment practice, the Commission shall serve a notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) on such employer ... within ten days, and shall make an investigation thereof. Charges shall be in writing under oath or

---

**3.** Section 706(c) states that:

In the case of an alleged unlawful employment practice occurring in a State ... which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice ... *no charge may be filed under subsection (b) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated.*

42 U.S.C. § 2000e–5(c) (emphasis added).

**4.** We note that the untimeliness issue raised by the Department has today been decided by this Court in a manner favorable to the position advocated by appellant. *See Dixon v. Westinghouse Electric Corp.,* 787 F.2d 943 (4th Cir. 1986). We recognize that ultimately, should Wright's charge result in a Title VII action, our decision in *Dixon* will control. However, in the posture that this case has reached us, application of *Dixon* is now premature.

affirmation and shall contain such information and be in such form as the Commission requires.

42 U.S.C. § 2000e–5(b). Section 706(b) establishes no limitations period whatsoever.

As we noted earlier, appellant does not contest the relevance or definiteness of the charge. Nor do we find that EEOC lacked authority to investigate the charge. Because section 706(b) sets forth no requirement that a charge must be timely filed, we conclude that the charge at issue here was facially valid. *See EEOC v. Roadway Express*, 750 F.2d 40, 42 n. 1 (6th Cir.1984). Thus, we hold that the district court did not err in enforcing the subpoena *duces tecum* issued by EEOC.

Accordingly, the district court's order is affirmed.

AFFIRMED.

WIDENER, Circuit Judge, dissenting:

I respectfully dissent.

We have only this day held in *Dixon v. Westinghouse Electric Corp.*, 787 F.2d 943 that the cause involved here may not be prosecuted on account of failure to file, as note 4, p. 5, in this opinion acknowledges.

I suggest that Title VII does not, over objection, intend to give investigatory subpoena authority to the EEOC for a charge which admittedly may not be prosecuted on account of the lapse of time. The holding of the majority leaves the way open for the EEOC to exercise its subpoena power to investigate any charge of a Title VII violation no matter how stale. More importantly, it leaves the district courts powerless to intervene. The fact that years may have passed without any recognition or notification of a claim makes no difference, for the mere fact that a claim is made under the majority holding is sufficient to require the enforcement of a subpoena. I do not believe the statute was intended to go so far.

I would reverse.