**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Appellee,**

v.

**OCEAN CITY POLICE DEPARTMENT, Appellant.**

**No. 85–1798.**

United States Court of Appeals, Fourth Circuit.

Argued En Banc Oct. 7, 1986.

Decided June 24, 1987.

Scott L. Sherman (Richard T. Sampson, Kathleen Pontone, Semmes, Bowen & Semmes, Baltimore, Md., on brief), for appellant.

Mark S. Flynn, Asst. Gen. Counsel (Acting), (Johnny J. Butler, Gen. Counsel (Acting), Gwendolyn Young Reams, Associate Gen. Counsel (Acting), Susan Buckingham Reilly, Asst. Gen. Counsel, Peggy R. Mastroianni, Washington, D.C., on brief), for appellee.

Before WINTER, Chief Judge, RUSSELL, WIDENER, HALL, PHILLIPS, SPROUSE, ERVIN, CHAPMAN, WILKINSON, WILKINS, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

WIDENER, Circuit Judge:

The Ocean City Police Department (the Department) appeals from the district court's order, see 617 F.Supp. 1133, enforcing a subpoena *duces tecum* to the Department pursuant to section 710 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–9. We deny enforcement of the subpoena.

The subpoena *duces tecum* was issued in connection with a charge of racial discrimination filed against the Department by Keith L. Wright, a black male who was employed by the Department as a police officer from September 15, 1980 until his discharge on April 14, 1981. On December 21, 1981, 251 days after he was terminated, Wright filed a charge of discrimination with EEOC.

On December 6, 1983, EEOC issued a subpoena *duces tecum* to the Department requesting production of certain documents it alleged were necessary to its investigation of Wright's claim. The Department refused to turn over the documents and filed a petition to revoke or modify the subpoena, which was denied by EEOC. On March 19, 1984, the Department filed an administrative appeal, which also was denied. As a consequence of the Department's continued refusal to comply with the subpoena, EEOC initiated this subpoena enforcement proceeding in the United States District Court for the District of Maryland.

The Department opposed enforcement on the ground that Wright had failed to file a timely charge of discrimination, and that EEOC was therefore without authority to investigate the charge. Following a non-evidentiary hearing, the district court held that the charge had been timely filed and granted EEOC's application for enforce-

ment of the subpoena. Subsequently, the district court granted the Department's motion to stay enforcement pending the outcome of this appeal.

On appeal, a panel of this court upheld the order, but for reasons different from those relied on by the district court. Although the panel noted that, under *Dixon v. Westinghouse Electric Corp.*, 787 F.2d 943 (4th Cir.1986), the charge in question had not been timely filed,[1] it nevertheless held that the district court had properly enforced the subpoena because "the timeliness of the charge was not properly before the lower court in this subpoena enforcement proceeding."[2] Subsequently we granted the Department's petition for rehearing en banc and, in disagreement with the panel, we reverse.

The general rule is that in a proceeding to enforce an administrative subpoena "the role of the district court ... is sharply limited." *EEOC v. South Carolina National Bank*, 562 F.2d 329, 332 (4th Cir. 1977). The justification for limiting the district court's role is one of efficiency. It would unnecessarily delay administration of statutes to conduct a trial within a trial at the discovery stage where the same issues may later be raised on the merits. Issues such as the scope of administrative regulations are for the enforcing agency to determine in the first instance, and a subpoena enforcement proceeding is not the proper place to challenge the agency's determination. See, *e.g.*, *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 507–09, 63 S.Ct. 339, 342–43, 87 L.Ed. 424 (1943).

Nevertheless, the district court is not merely a rubber stamp in an enforcement proceeding, and this is true although enforcement is sought by EEOC. Congress intended to limit EEOC's investigative power to the access to information relevant to specific charges brought under Title VII. As the court noted in *EEOC v. Shell Oil Co.*, 466 U.S. 54, 104 S.Ct. 1621, 80 L.Ed.2d 41 (1983), the "EEOC's investigative authority is tied to charges filed with the

---

**1.** *EEOC v. Ocean City Police Department,* 787 F.2d 955, 957 n. 4 (4th Cir.1986).

**2.** 787 F.2d at 957.

Commission; unlike other federal agencies that possess plenary power to demand to see records relevant to matters within their jurisdiction [*e.g.*, the Federal Trade Commission, the Court noted in a footnote], the EEOC is entitled to access only to evidence 'relevant to the charge under investigation.' § 2000e–8(a)." 466 U.S. at 64, 104 S.Ct. at 1629.

The significance of the timeliness of the charge was not before the court in *Shell Oil*. In that case the employer defended enforcement of an EEOC subpoena on the ground that the charge did not contain information sufficient to satisfy § 706(b) of Title VII, 42 U.S.C. § 2000e–5(b). Although the Court found that the requirements of § 706(b) had been met, it held that a charge meeting the requirements of § 706(b) was a "jurisdictional prerequisite to judicial enforcement of a subpoena issued by the EEOC." *Id.* at 65, 104 S.Ct. at 1629. The same result had earlier been reached in this circuit, as the Court noted, in *EEOC v. Appalachian Power Co.*, 568 F.2d 354, 355 (4th Cir.1978).

■ In this case we are asked to order enforcement of an EEOC subpoena based on a charge which admittedly cannot be pursued for lack of timeliness.[3] This we decline to do. "In construing the EEOC's authority to request judicial enforcement of its subpoenas, we must strive to give effect to Congress' purpose in establishing a linkage between the Commission's investigatory power and charges of discrimination." *Shell Oil*, 466 U.S. at 65, 104 S.Ct. at 1629. The panel opinion recognized that *Shell Oil* established the rule that an EEOC subpoena may only be enforced if its underlying charge is valid.[4] However, the panel also apparently read *Shell Oil* as establishing that a charge need only meet the requirements of § 706(b) to be valid. We dis-

agree. As noted above, the question of timeliness was not before the court in *Shell Oil*, and there is no language in the opinion to indicate that the requirements of a valid charge were to be limited to those contained in § 706(b). We think that requiring a subpoena to be based on a timely charge best gives effect to the Congressional policy of limiting EEOC's investigative powers by linking them to valid charges of discrimination. Therefore, we hold that a charge which shows on its face that it is untimely is also an invalid charge incapable of invoking EEOC's investigatory powers.

Ordinary logic indicates that it is beyond the authority of EEOC to investigate charges which cannot be pursued. EEOC is not empowered to conduct general fact-finding missions concerning the affairs of the nation's work force and employers. The only legitimate purpose for an EEOC investigation is to prepare for action against an employer charged with employment discrimination, or to drop the matter entirely if the Commission finds the charge to be unfounded. But if no action can be taken on the charge, there is no justification for an investigation absorbing the resources of both the employer and the Commission. It would be anomalous to hold that a charge that was invalid to support an action was nevertheless valid to support investigation, the sole purpose of which is preparation for the action.[5]

■ This case should not be construed as affecting this court's decision in *EEOC v. South Carolina National Bank*, 562 F.2d 329 (4th Cir.1977). In that case the court reversed a district judge's decision to deny enforcement of an EEOC subpoena on the ground that it was based on an untimely charge. The charge in *South Carolina National Bank* differed critically from the

---

3. EEOC also invites the en banc court to overrule *Dixon v. Westinghouse Electric Corp.* We decline that invitation to reconsider *Dixon*, which we think was correctly decided.

4. *EEOC v. Ocean City Police Department*, 787 F.2d at 957.

5. We also note that it is already the law in this circuit that "(t)he effective filing of a timely

charge with the EEOC is a prerequisite to the invocation of the administrative process within the EEOC." *Citicorp Person-to-Person Financial Corp. v. Brazell*, 658 F.2d 232, 234 (4th Cir.1981). Although *Citicorp* was not an enforcement proceeding, certainly the issuance and enforcement of subpoenas constitute part of the "administrative process."

one in this case, however. In *South Carolina National Bank*, the charge alleged a continuing violation. This meant that the charge could not have been untimely on its face, since the most recent unlawful employment practice alleged would not be the one specified in the charge. The court cited with approval *Pacific Maritime Association v. Quinn*, 491 F.2d 1294 (9th Cir. 1974), which held that "it is not the function of the district court in an enforcement proceeding to determine the timeliness of a charge *that may appear to be of a continuing nature." South Carolina National Bank*, 562 F.2d at 332 (emphasis supplied). In the case at hand there is no allegation of a continuing violation, but rather an allegation of a single unlawful act on a specific date, or at the best for Wright of harassment ending on the same specific date. The difference is that here there are no facts in dispute relating to the timeliness of the charge, whereas in *South Carolina National Bank* the subpoena would have elicited information regarding the charge's timeliness. "The Commission wishes to subpoena material that will facilitate an informed judgment concerning the timeliness of this vague complaint, a judgment that is an essential part of its administrative task." 562 F.2d at 332. Obviously, as *South Carolina National Bank* holds, if the subpoena seeks information relating to the timeliness of the charge, the district court should not refuse enforcement on the ground of untimeliness. That is not the case here, however.

Nor do we think that *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424 (1943), requires a different result. In that case the Secretary of Labor sought a subpoena *duces tecum* pursuant to the Walsh-Healey Public Contracts Act. The Secretary was only empowered to investigate plants covered by the Act, and the contractor maintained that certain plants as to which records were sought did not fall within the Act's coverage. The Supreme Court enforced the subpoena, holding that the district court could not decide the question of coverage in that case. 317 U.S. at 509, 63 S.Ct. at 343. However, the question of coverage there involved the resolution of factual questions,[6] not merely the application of law to facts not in dispute, as is the case here. Among the factual issues as to which information was sought were amounts of payments to employees, which employees at which plants were covered, damages, and the date, if any, of the last employment of employees. 317 U.S. at 508, 63 S.Ct. at 343.

The common thread running through the cases enforcing similar subpoenas has been a dispute over facts relevant to the agency's authority, facts which the subpoenas were often designed, at least in part, to illuminate. However, the Seventh Circuit has expressly held that a district court may resolve strictly legal issues in an enforcement proceeding. In *FTC v. Shaffner*, 626 F.2d 32 (7th Cir.1980), FTC sought enforcement of a subpoena *duces tecum* to examine the records of an attorney thought to be engaged in illegal debt collection practices. The attorney defended enforcement on the ground that, *inter alia*, as an attorney the applicable statute exempted him from coverage. The Court of Appeals held that "a party can challenge the authority of an agency to issue a particular subpoena where ... the issue involved is a strictly legal one not involving the agency's expertise or *any factual determinations." Id.* at 36. (emphasis in original). The court denied relief on this ground, but only because "there may be issues of fact bearing on the legal question of whether appellee's activities fall within the statutory exclusion. The FTC's subpoena is properly designed to illuminate these questions." 626 F.2d at 36.[7]

---

**6.** See also *EEOC v. Roadway Express, Inc.*, 750 F.2d 40 (6th Cir.1984) (subpoena enforcement proceeding improper place to resolve factual disputes over timeliness).

**7.** The EEOC also cites *EEOC v. Tempel Steel Company*, 814 F.2d 482 (7th Cir.1987), as authority for its position that a timeliness defense may never be raised in a subpoena enforcement proceeding. *Tempel* did state that the Seventh Circuit joined those courts that had determined that a timeliness defense may not be raised to block enforcement of an EEOC subpoena, but the court did not mention its own *Shaffner* case

Nothing is to be gained from enforcing the subpoena at issue here. None of the efficiency considerations favoring delayed review are applicable when the district court *facially* reviews an EEOC charge for timeliness. 706(b)'s requirement that the charge include the dates of the alleged discriminatory practices makes this an easy chore. No discovery is necessary and the court does not have to construct a record. Furthermore, denial of enforcement in these situations gives effect to Congress' intent to limit the investigatory power of EEOC, relieves the employer of a completely unwarranted burden and frees the Commission to pursue timely charges. This point is illustrated by the case of *Federal Election Commission v. Florida for Kennedy Committee*, 681 F.2d 1281 (11th Cir. 1982). In that case, the opposition to the issuance of a subpoena issued by the Commission to the Kennedy Committee was that the disclosure requirements of the Federal Election Campaign Act of 1971 did not apply to the Kennedy Committee. 681 F.2d at 1286. The court took account of the general rule that the issuance of subpoenas by an agency is not subject to judicial review in the customary sense in order to contest the issuance of the subpoena but must await the outcome of the proceeding. Nevertheless, in that case, the court noted that "The FEC's authority to issue this subpoena can be determined without reference to any further factual development." 681 F.2d at 1285. It further reasoned that resolution of the issue was "purely a legal question of statutory construction" and that resolution of the issue "neither requires the parties to engage in time consuming discovery nor requires the district court to construct a lengthy record." It concluded that none of the efficiency considerations favoring deferred customary judicial review were implicated when the le-

gal issue was distilled, as there, and nothing would be gained by postponing judicial review of the issue. 681 F.2d at 1286. The court held that the district court erred in not inquiring into the FEC's specific statutory jurisdiction in the case.

The facts of the *Kennedy* case of any consequence are indistinguishable from those of the case at hand. Our case can be determined without reference to any further factual development. It presents a distilled and purely legal question of statutory construction: Does a charge which is admittedly untimely filed with the EEOC nevertheless give the EEOC the right to issue subpoenas to investigate the merits of the charge? Our case also does not require the parties to engage in time consuming discovery nor require the district court to construct a lengthy record. None of the administrative efficiency considerations favoring deferred review should apply here, and nothing will be gained by deferring judicial review of the issue.

In summary, we hold that, in a proceeding to enforce a subpoena issued by EEOC, the district court should review the underlying charge and deny enforcement if the charge shows on its face that it is untimely.[8] In situations where the Commission raises the possibility of waiver, estoppel, or other circumstances indicating that the charge may be timely despite its facial invalidity, the district court should consider those claims. As to the type of showing the Commission must make in order to overcome the presumption of invalidity raised by a facially untimely charge, we have no occasion to consider that question which is better left for another day. In all events, no such suggestion has been made in this case.

The complainant filed a charge with EEOC 251 days after his allegedly discrimi-

---

and also noted that an exception might exist where there was clearly no factual or legal support for the agency's preliminary determination to investigate, stating that *Tempel* was not such a case. Thus, we do not read *Tempel* as standing for the proposition that timeliness may never be a defense, and it probably should be construed as consistent with *Shaffner* in cases in which there is no factual or legal support for the agency's preliminary determination to investigate, as here.

8. In *EEOC v. K–Mart Corp.*, 694 F.2d 1055 (6th Cir.1982), the court held that "... the adequacy of the date contained in the charge could and should have been determined from the face of the charge." 694 F.2d at 1065. See also *Roadway Express*, supra, 750 F.2d at 42, n. 1, and *EEOC v. K–Mart Corp.*, 796 F.2d 139, 146 (6th Cir.1986).

natory discharge. He did not initially, or at any time, file a charge with the appropriate state agency for handling complaints of discrimination, in this case the Maryland Commission on Human Relations. Under our holding in *Dixon v. Westinghouse Electric Corp.*, a complainant must initially file a charge with the appropriate state agency in order to take advantage of § 706(e)'s 300 day filing period. Since Wright failed to file within the 180 day period, his charge is untimely as a matter of law, and the district court should have denied enforcement of the Commission's subpoena.

Accordingly, the judgment of the district court is

REVERSED.[9]

K.K. HALL, Circuit Judge, dissenting:

I cannot agree with the majority's conclusion that timeliness is a jurisdictional prerequisite to the enforcement of this subpoena. Key to the majority's decision is its unsupported belief that EEOC lacks authority to investigate claims which appear on their face to be filed untimely. *Shell Oil*, upon which the majority relies, provides no authority for this assertion. In *Shell Oil*, the Supreme Court held that EEOC may investigate only valid claims, but limited its definition of valid claims to those which meet the requirements of § 706(b). Significantly, § 706(b) does not mention timeliness.

The majority suggests that, "... there is no language in the *(Shell Oil)* opinion to indicate that the requirements of a valid charge were to be limited to those contained in § 706(b)." I disagree. In my view, *Shell Oil*'s definition of valid claims infers exclusivity, by stating that:

> [i]f the EEOC were able to insist that an employer obey a subpoena despite failure of the complainant to file a valid charge, Congress' desire to prevent the Commission from exercising unconstrained investigative authority would be thwarted. Accordingly, we hold that the existence of a charge that meets with the requirements set forth in § 706(b), 42 U.S.C. § 2000e–5(b), is a jurisdictional prerequisite to judicial enforcement of a subpoena issued by the EEOC. *Shell Oil*, 466 U.S. 54, 65, 104 S.Ct. 1621, 1629, 80 L.Ed.2d 41 (1984).

I consider it speculative at best to assert that the Supreme Court intended to leave open the question of whether other claims are invalid, particularly in light of this plain language.

Moreover, I am unconvinced by the majority's assertion that "ordinary logic" indicates that it is beyond the authority of EEOC to investigate seemingly untimely claims. I agree with its assertion that "ordinary logic indicates that it is beyond the authority to investigate charges which cannot be pursued." However, in my view, it would be a rare case where timeliness

---

**9.** The dissent sets up two straw men and then knocks them down instead of meeting the real issue in the case, that is, is enforcement required of a subpoena which is issued to investigate a charge which is unenforceable because admittedly untimely? Those straw men are that the majority holds that "timeliness is a jurisdictional prerequisite," p. 1383, and that subpoenas should be enforced "only where there is concededly no timeliness problem," p. 1384.

The second may be more quickly disposed of than the first, so we address it at the outset. The majority does not require that there be "concededly no timeliness problem." Indeed, the majority holding is that enforcement of a subpoena should be denied where the filing of the charge is concededly out of time or that such is otherwise apparent. The construction given to the majority opinion by the dissent is rejected.

Nothing in the majority opinion indicates that "timeliness is a jurisdictional prerequisite," and

this construction of the majority opinion is also unjustified and rejected. The fact that *Shell Oil* states that the existence of a charge which meets the requirements of § 2000e–5(b) is a jurisdictional prerequisite to judicial enforcement of a subpoena has nothing to do with the doctrine of delaying judicial review of the enforceability of subpoenas beyond the time when the agency has acted pursuant to the subpoena. As the *Kennedy* case sets out and discusses in some detail at 681 F.2d p. 1281–1284, the delayed scrutiny of such subpoenas is a judge-made and self-imposed limitation upon the degree to which federal courts will scrutinize agency requests for subpoena enforcement. Congress has granted jurisdiction to the federal courts under 42 U.S.C. § 2000e–9 and 29 U.S.C. § 161(2) to enforce subpoenas. There is no doubt whatever that the federal courts have *jurisdiction* to enforce subpoenas in this case; whether or not they should do so is entirely another matter as the majority opinion sets out.

could be conclusively determined prior to subpoena enforcement. The majority suggests that this determination is easily made by comparing the date of alleged discrimination to the filing date listed on the claim. However, it is unclear to me how a claimant can be certain when the last date of discrimination occurred without being afforded the discovery benefit of subpoena enforcement. The system proposed by the majority, (i.e., of enforcing subpoenas only where there is concededly no timeliness problem or where the claimant is already aware of an issue of fact which brings timeliness into issue) does not address this problem.

I see no support for the majority's conclusion that EEOC lacks investigative jurisdiction in this instance. I also believe that limiting such authority as suggested by the majority will prevent investigation of claims which would ultimately be determined timely given the benefits of subpoena enforcement. In my view, the majority has prematurely addressed timeliness in finding the subpoena unenforceable. I would affirm the judgment below. Accordingly, I respectfully dissent.

I am authorized to state that Judge WINTER, Judge PHILLIPS, Judge SPROUSE, and Judge HAYNSWORTH join in this opinion.