## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

v.

## ROADWAY EXPRESS, INC.

### Civ. No. K–87–2614.

United States District Court, D. Maryland.

Jan. 15, 1988.

Charles A. Shanor, Gen. Counsel, Philip B. Sklover, Associate Gen. Counsel, E.E.O.C., Washington, D.C., Gerald S. Kiel, Regional Atty., Frederick P. Charleston, Supervisory Trial Atty., Randle B. Haley, Trial Atty., E.E.O.C., Baltimore, Md., for plaintiff.

David F. Albright, Anthony W. Kraus and Semmes, Bowen & Semmes, Baltimore, Md., for defendant.

FRANK A. KAUFMAN, Senior District Judge:

This suit arises out of a charge of sex discrimination filed with the Equal Employment Opportunity Commission (EEOC) by Fannie A. Keener (Keener). Keener alleges that in July 1984, in response to an advertisement placed by Roadway Express, Inc. (Roadway) specifically seeking female dock workers, she applied for the position of dock worker with Roadway at one of its terminals in Hagerstown, Maryland, but that Roadway refused to hire her for the position because of her sex.

Keener filed her charge with the EEOC on April 15, 1985, 258 days after the date the alleged discriminatory act occurred.[1] Pursuant to a worksharing agreement between the EEOC and the Maryland Commission on Human Relations (MCHR), the EEOC, on April 26, 1985, mailed a copy of Keener's charge to the MCHR. On May 6, 1985, the MCHR notified the EEOC that it was waiving its jurisdiction initially to process the charge.[2]

After Roadway refused to comply voluntarily with EEOC's requests for information, the EEOC, on November 6, 1985, issued the administrative subpoena which is the subject of the current dispute. On November 18, 1985, in accordance with EEOC regulations, Roadway filed a petition to revoke the subpoena. See 29 C.F.R. § 1601.16(b). In relevant part, Roadway claimed that Keener's charge of discrimination was untimely filed, and that the subpoena was overbroad. The EEOC denied Roadway's petition on May 19, 1985.

On May 28, 1986, Roadway appealed the denial of its petition to revoke the subpoena to the EEOC's general counsel, who, on January 21, 1987, affirmed the denial of the petition.[3]

After the relevant administrative avenues were exhausted, the EEOC sought judicial enforcement of the subpoena on September 29, 1987. On October 9, 1987, this Court issued a Show Cause Order with regard to which Roadway and, thereafter, the EEOC have filed submissions in timely fashion.

---

1. Both parties have used July 31, 1984 as the date the alleged discriminatory act occurred.

2. The MCHR waived such jurisdiction by marking the appropriate box on EEOC's Form 212A, which the EEOC had sent to the MCHR along with Keener's charge. Form 212A is the form the MCHR uses to designate for the EEOC whether or not the MCHR wants initially to process a given charge of discrimination.

3. The record does not indicate why there was such a long delay between the denial of Roadway's petition and Roadway's appeal thereof. The EEOC has not raised the delay in appeal as a reason for enforcing the subpoena. Accordingly, any such objection is herein deemed to have been waived by the EEOC.

"[I]n a proceeding to enforce a subpoena by the EEOC, the district court should review the underlying charge and deny enforcement if the charge shows on its face that it is untimely." *EEOC v. Ocean City Police Dep't*, 820 F.2d 1378, 1382 (4th Cir. 1987) (*en banc*), *cert. pending*, 56 U.S. L.W. 3249 (Oct. 6, 1987) (footnote omitted). Because Keener's charge is untimely on its face, this Court cannot enforce the subpoena.

Pursuant to the requirements of section 706(e) of Title VII, 42 U.S.C. § 2000e-5(e), in order for Keener's charge of sex discrimination to have been timely filed, Keener had to file her complaint within one of two alternative deadlines.[4] Under the first statutory deadline, Keener should have filed her charge with the EEOC within 180 days after the "alleged unlawful employment practice occurred," *i.e.*, after Roadway refused to hire her. Or, alternatively, with regard to the second deadline, assuming Keener had "initially instituted proceedings" with the MCHR, she would have been entitled to file her charge within 300 days after Roadway refused to hire her.

■ There is no doubt that Keener did not meet either of these filing requirements. With respect to the 180-day deadline, Keener filed her charge 258 days after Roadway refused to hire her; therefore, she did not meet the 180-day time limit imposed by section 706(e). As far as the 300-day deadline is concerned, Keener cannot invoke that branch of section 706(e) because she did not "initially institute proceedings" with the MCHR within the meaning of the statute. The law is clear in this Circuit that the EEOC's transmittal of Keener's claims to the MCHR pursuant to the worksharing agreement between the two agencies does not constitute the "initial institution" of a proceeding with the MCHR under section 706(e). *Dixon v. Westinghouse Electric Corp.*, 787 F.2d 943, 945-46 (4th Cir.1986), *cert. pending*, 55 U.S.L.W. 3115 (Aug. 19, 1986).

The EEOC concedes that the facts of the instant case come squarely within the four corners of *Dixon*, and that if *Dixon* is applied to this case, then under *Ocean City* this Court has no choice but to deny enforcement of the subpoena. Memorandum in Support of Application for Enforcement at pp. 15-16. However, the EEOC argues that, in view of the fact that Keener filed her charge before *Dixon* was decided, *Dixon* should not be applied retroactively so as to make her claim untimely.

As a matter of general principle, a court "must apply the law in effect at the time it renders its decision" (footnote omitted). *See Thorpe v. Housing Authority of the City of Durham*, 393 U.S. 268, 281-82, 89 S.Ct. 518, 525-26, 21 L.Ed.2d 474 (1969); *cf. In re Twin Parks Limited Partnership*, 720 F.2d 1374, 1375-77 (4th Cir.1983), *cert. denied*, 465 U.S. 1103, 104 S.Ct. 1602, 80 L.Ed.2d 132 (1984).[5] In some circumstances a court has the discretion to refrain from applying retroactively an otherwise controlling appellate court decision. *See Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).[6]

---

**4.** Section 706(e), 42 U.S.C. § 2000e-5(e), provides in relevant part:

A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred ... except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency ... such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred....

**5.** That principle is usually enunciated in the context of an appellate court deciding whether or not to apply retroactively a case. It is, however, also applicable to a district court bound by current decisions of an appellate court. *See* 1B *Moore's Federal Practice*, ¶ 0.402[2], at 25-27 (2d ed. 1984).

**6.** In deciding whether to apply a case nonretroactively, three factors are considered. "First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed.... Second, ... [a court must] 'weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.' ... Finally, ... [a court must] weigh[ ] the inequity imposed by retroactive ap-

In the instant case, however, the Fourth Circuit has clearly indicated that *Dixon* is to be applied retroactively. In *Ocean City*, that Court applied *Dixon* and concluded that plaintiff's charge of discrimination was untimely filed even though the plaintiff had filed his charge with the EEOC on December 21, 1981, *see Ocean City*, 820 F.2d at 1379, more than four years before *Dixon* was decided in 1986.[7]

Under the principles of *stare decisis*, the retroactive application of *Dixon* in *Ocean City* requires this Court to apply *Dixon* in the instant case as well. Herein, Mrs. Keener filed her charge with the EEOC about one year before *Dixon* was decided by the Fourth Circuit. *See Antoine v. United States Postal Service*, 781 F.2d 433, 436–37 (5th Cir.1986).[8]

Because the charge of discrimination Keener filed with the EEOC is untimely on its face, this Court cannot enforce the subpoena against Roadway. Accordingly, the EEOC's application for enforcement of that subpoena will be DENIED in an order of even date herewith.

---

plication...." *Chevron Oil*, 404 U.S. at 106–07, 92 S.Ct. at 355 (citations omitted).

7. The *en banc* decision in *Ocean City* reversed the decision of an earlier Fourth Circuit panel. *See EEOC v. Ocean City Police Dep't*, 787 F.2d 955 (4th Cir.1986). However, that earlier panel had also assumed that *Dixon* would be applied retroactively to the case before it. 787 F.2d at 957 n. 4.

8. The EEOC argues that this Court is not foreclosed from considering whether or not retroactively to apply *Dixon* because, as a petition for *certiorari* is still pending with respect to *Dixon*, the issue presented in *Dixon* has not been finally determined. Reply to Roadway's Response at p. 5. However, until such time as the Supreme Court actually reverses *Dixon*, if indeed it even hears the case, this Court is completely bound by *Dixon, see* 1B *Moore's Federal Practice*, ¶ 0.402[2], at 25–27 (2d ed. 1984), even though a petition for *certiorari* is pending before the Supreme Court.

Also, it perhaps can be contended that *Dixon* should not be applied herein as it was in *Ocean City* because in *Ocean City*, the EEOC had never referred the employees' charge to the MCHR via a worksharing agreement. But the answer to that argument is that *Dixon* holds that only certain acts on the part of the aggrieved party constitute "initiating proceedings" with the state agency, and if that party fails to perform those certain acts, then no matter *what else* she does, her action must fail. Put that way, there is seemingly no distinction between *Ocean City* and the within case, and thus no reason why *Dixon* should not be retroactively applied here.