EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION Petitioner,

v.

AMERICAN & EFFIRD MILLS,
INC., Respondent.

Misc. No. 2385–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

March 6, 1991.

Humphrey S. Cummings, E.E.O.C., Charlotte, N.C., for petitioner.

David L. Terry, Blakeney Alexander & Machen, Charlotte, N.C., for respondent.

ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Petitioner's motion, filed December 27, 1990, for an order to show cause why a subpoena issued by Petitioner to Respondent should not be enforced. On January 17, 1991, Respondent filed a response to the motion.

The record in this case indicates that the employment of Julian H. Papot was terminated on March 17, 1989. On October 17, 1990, Papot filed with Petitioner a charge of discrimination stating that he believed that he had been discharged from Respondent's employ based on his forty-one (41) years of age. On the charge of discrimination form, Papot indicated that the date when the most recent or continuing discrimination took place was March 17, 1989. Thus, approximately 556 days passed from the most recent discriminatory act to the charge being filed with Petitioner. Furthermore, no class allegations are contained in the charge.

In support of its motion, Petitioner contends that it is authorized to investigate charges of age discrimination. *See* 29 U.S.C. § 621, *et seq.* Title 29, United States Codes sections 209 and 211, by incorporating 15 U.S.C. § 9, provides Petitioner with the authority to issue subpoenas. On November 27, 1990, Petitioner served on Respondent the subpoena which is the subject matter of this dispute. The subpoena requires Respondent to answer various questions and to supply supporting documentation relating to the termination of Papot. When Respondent refused to comply with the subpoena, Petitioner filed the motion currently before the Court.

The Court recognizes that Petitioner has broad subpoena powers. But as Respondent argues, those powers do not include the authority to conduct an investigation in connection with a charge that has not been timely filed. *See EEOC v. Ocean City Police Dept.,* 820 F.2d 1378, 1380 (4th Cir. 1987) (en banc) (holding that "EEOC is not empowered to conduct general fact-finding

missions concerning the affairs of the nation's work force and employers" when charge has not been timely filed), *vacated and remanded on other grounds,* 486 U.S. 1019, 108 S.Ct. 1990, 100 L.Ed.2d 223 (1988).

In this case, Petitioner does not have the requisite authority to proceed with the investigation of the complaint filed by Papot. Title 29, United States Code section 626(d) provides that a charge with the EEOC must be filed within 180 days after the alleged unlawful, discriminatory practice occurred. As previously noted, Papot filed his charge some 556 days after the last discriminatory act occurred. Nothing on the face of the charge indicates that any discriminatory act occurred after March 17, 1989. Therefore, his charge is untimely and Petitioner is without the authority to proceed with the investigation of Papot's charge. *See EEOC v. Shell Oil Co.,* 466 U.S. 54, 104 S.Ct. 1621, 80 L.Ed.2d 41 (1983); *Ocean City Police Dept.,* 820 F.2d at 1382 (holding that district court must deny enforcement of subpoena issued by EEOC if the underlying charge shows on its face that it is untimely).

NOW, THEREFORE, IT IS ORDERED that Petitioner's motion for an order to show cause why a subpoena issued by Petitioner to Respondent should not be enforced be, and hereby is, DENIED.