**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff–Appellant,**

v.

**AMERICAN & EFIRD MILLS, INC., Defendant–Appellee.**

**No. 91–2531.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 30, 1991.

Decided Feb. 26, 1992.

As Amended April 27, 1992.

David Lee Terry, Blakeney, Alexander & Machen, Charlotte, N.C., for defendant-appellee.

(Donald R. Livingston, Acting General Counsel, Gwendolyn Young Reams, Associate General Counsel, Lorraine C. Davis, Asst. General Counsel, E.E.O.C., on brief), Estelle Diane Franklin, argued, E.E.O.C., Washington, D.C., for plaintiff-appellant.

Before RUSSELL and HAMILTON, Circuit Judges, and RESTANI, Judge, United States Court of International Trade, sitting by designation.

## OPINION

PER CURIAM:

In this case, the Equal Employment Opportunity Commission (EEOC) appeals the district court's denial of its application for enforcement of an administrative subpoena *duces tecum.* 758 F.Supp. 338. The district court ruled that when an employee age discrimination claim is time barred under section 7(d) of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 626(d) (1988), the EEOC has no independent authority to then investigate and subpoena documents in connection with that same claim. Because we find that the EEOC has statutory authority to investigate claims and bring actions independent of the statutory authority of individual employees to bring claims, we vacate the district court order and remand for enforcement of the subpoena.

## I.

On October 17, 1990, Julian Papot filed a charge with the EEOC alleging that his employer, American Efird Mills, Inc. wrongfully discharged him because of his age.[1] Papot had been discharged on March

---

1. Papot charged that he was denied a light duty assignment requested because of a leg injury and then discharged for failure to perform his duties. American Efird had honored a similar

17, 1989, nineteen months prior to filing his claim.

The EEOC notified American Efird of Papot's charge the same day it was filed. Along with its notification, EEOC sent a request for information about general company practices and policies, as well as information specific to Papot.

In response, American Efird notified the EEOC that it would not provide any of the requested information because Papot's claim was time barred. Papot had filed his charge well beyond the 180–day reporting period required in the ADEA for filing employee charges. *See* 29 U.S.C. § 626(d). American Efird stated that since Papot's claim was time barred, the EEOC had no authority to pursue the claim on his behalf.

The EEOC again requested the same information, explaining in a letter to American Efird that the EEOC's investigatory authority was not dependent on the filing of a valid employee charge. When American Efird still refused to comply with its request, the EEOC issued an administrative subpoena on November 27, for production of the previously requested documents, as well as additional documents. Further refusal by American Efird prompted the EEOC, on December 27, to petition the district court for enforcement of its administrative subpoena.[2]

The EEOC then filed a motion with the district court on February 15, 1991, requesting that the court expedite determination on the subpoena and toll the two-year statute of limitations on the EEOC's authority to bring an action. Since Papot's discharge had occurred on March 17, 1989, the EEOC had only until March 17, 1991, to file suit against American Efird.[3]

The district court, relying solely on our decision in *Equal Employment Opportunity Comm'n v. Ocean City Police Dept.*, 820 F.2d 1378 (4th Cir.1987), *vacated and remanded*, 486 U.S. 1019, 108 S.Ct. 1990, 100 L.Ed.2d 223 (1988),[4] denied the EEOC's application for enforcement on the grounds that the EEOC had no authority to investigate and bring suit in connection with an untimely employee charge. Since the court held the EEOC lacked authority to bring suit on this claim, it did not reach the tolling issue.

The EEOC now appeals the district court's decision.

## II.

The issue presented in this case regarding the EEOC's investigatory authority is one of statutory interpretation, which we review *de novo*. *United States v. Coyle*, 943 F.2d 424, 426 (4th Cir.1991). Since the district court did not reach the tolling issue, we simply remand that issue to the district court for decision without review from this Court.

Courts should generally enforce administrative subpoenas where, as an initial matter, the administrative agency shows that (1) it is authorized to make such investigation; (2) it has complied with stat-

---

request for a light duty assignment by a younger employee. Papot was 41 years old at the time of his discharge.

2. The ADEA confers jurisdiction on federal courts to issue orders enforcing compliance with administrative subpoenas. 29 U.S.C. § 626(a) (incorporating 15 U.S.C. § 49).

3. 29 U.S.C. § 626(e)(1) requires that actions brought under the ADEA be commenced within two years after the cause of action accrued.

4. The Supreme Court granted certiorari in this case, vacated judgment, and remanded the case for further consideration in light of its decision in *Equal Employment Opportunity Comm'n v. Commercial Office Prod. Co.*, 486 U.S. 107, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988). In *Commercial Office Prod. Co.*, the Court ruled that untimely filing under state law of a race or sex discrimination claim with a state agency does not preclude the application of the extended 300–day federal filing period provided for under Title VII for filing claims with the EEOC after a filing with a state agency. The Court then established a straightforward rule "that a complainant 'need only file his charge within 240 days of the alleged discriminatory employment practice in order to ensure that his federal rights will be preserved[.]'" *Id.* at 124, 108 S.Ct. at 1675 (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980)).

In light of the Court's decision, we must redetermine on remand the timeliness of the filing in *Ocean City Police Dept.*

utory requirements of due process; and (3) the materials requested are relevant. *See Oklahoma Press Publishing Co. v. Walling,* 327 U.S. 186, 216–17, 66 S.Ct. 494, 509, 90 L.Ed. 614 (1946); *Equal Employment Opportunity Comm'n v. Maryland Cup Corp.,* 785 F.2d 471, 475 (4th Cir.), *cert. denied,* 479 U.S. 815, 107 S.Ct. 68, 93 L.Ed.2d 26 (1986); *see also United States v. Morton Salt Co.,* 338 U.S. 632, 652, 70 S.Ct. 357, 368, 94 L.Ed. 401 (1950). The party subpoenaed may then defeat enforcement by showing that the agency's request is excessive or unduly burdensome. *Maryland Cup Corp.,* 785 F.2d at 476. The scope of judicial review over administrative subpoenas is necessarily limited by the intent of such review process. The process is not one for a determination of the underlying claim on its merits; Congress has delegated that function to the discretion of the administrative agency. Rather, courts should look only to the jurisdiction of the agency to conduct such an investigation. *See Ocean City Police Dept.,* 820 F.2d at 1379.

Questions of due process, relevancy and excessive burden are not raised here. Our review focuses solely on the EEOC's disputed investigatory authority in this case. We find this issue proper for resolution in a subpoena enforcement hearing since our inquiry is not one into the merits of the underlying employee claim. *See Endicott Johnson Corp. v. Perkins,* 317 U.S. 501, 507–09, 63 S.Ct. 339, 342–43, 87 L.Ed. 424 (1943) (district court not authorized to decide facts in dispute between the parties in a subpoena enforcement hearing); *Equal Employment Opportunity Comm'n v. South Carolina Nat'l Bank,* 562 F.2d 329, 331–32 (4th Cir.1977) (same). Neither party here disputes the untimely filing of Papot's charge.

■ Turning to the issue for review, under the ADEA, the EEOC receives broad investigatory authority, independent of the proper filing of an employee charge. The

authorizing statute is section 7(a) of the ADEA, 29 U.S.C. § 626(a), which provides:

> The Equal Employment Opportunity Commission shall have the power to make investigations and require the keeping of records necessary or appropriate for the administration of this chapter in accordance with the powers and procedures provided in sections 209 and 211 of this title.

Section 209 in turn incorporates sections 49 and 50 of title 15—provisions of the Federal Trade Commission Act (FTCA)—concerning attendance of witnesses and production of documents.[5] Section 211 authorizes the EEOC to conduct investigations at its discretion "to determine whether any person has violated any provision of this chapter, or which may aid in the enforcement of the provisions of this chapter." 29 U.S.C. § 211(a). Nothing in the language of this title, or in the incorporated language of the other statutes, hinges EEOC authority on the filing of a valid employee charge.

Independent investigatory authority logically precedes the EEOC's independent authority to bring suit to enforce the provisions of the ADEA. *See* 29 U.S.C. §§ 626(b), 211(a). The EEOC is charged in section 626(b) with enforcing the provisions of the ADEA. Unless we could find that its enforcement authority is predicated on the filing of a valid employee charge, we must hold the EEOC's investigatory authority free from similar restrictions.

The Supreme Court, deciding whether ADEA claims are arbitrable, acknowledged the EEOC's autonomous investigative and enforcement authority under the ADEA. *Gilmer v. Interstate/Johnson Lane Corp.,* — U.S. ——, 111 S.Ct. 1647, 1653, 114 L.Ed.2d 26 (1991) ("the EEOC's role in combating age discrimination is not dependent on the filing of a charge; the agency may receive information concerning alleged violations of the ADEA 'from any source,' and it has independent authority to investigate

**5.** Section 49 establishes the right to access to and to copy documents; the power to subpoena testimony and documents; and authority of courts to compel testimony and production.

Section 50 lists penalties for refusing to testify or produce documents and for providing false testimony.

age discrimination" (citations omitted)). The Court upheld the authority of the EEOC to investigate Gilmer's age discrimination claim even though Gilmer himself was barred from instituting a private judicial action because his claim was subject to arbitration.

The EEOC's procedural regulations also acknowledge the Commission's authority to investigate absent a formal charge. 29 C.F.R. § 1626.4 (1991) ("The Commission may, on its own initiative, conduct investigations of employers...."); § 1626.13 ("[the Commission] may continue any investigation and may secure relief for all affected persons notwithstanding a request by a charging party to withdraw a charge").

Moreover, section 626(d), which requires employee charges be filed with the EEOC within 180 days after the discriminatory occurrence, is a prerequisite only for the right of an *individual* to bring a civil action under the ADEA. The EEOC receives its enforcement rights, and limitations on those rights, from other sections within the statute. *See e.g.*, 29 U.S.C. § 626(b), (e).

Several lower courts have enforced EEOC subpoenas in the context of circumstances like those here. *Equal Employment Opportunity Comm'n v. Sears Roebuck & Co.*, 55 Fair Emp.Prac.Cas. (BNA) 482, 1991 WL 35963 (D.Or.1991); *Equal Employment Opportunity Comm'n v. Ritenour School Dist.*, 692 F.Supp. 1068 (E.D.Mo.1988); *Equal Employment Opportunity Comm'n v. Gladieux Refinery, Inc.*, 631 F.Supp. 927 (N.D.Ind.1986). These cases held that the EEOC's investigatory power under the ADEA is unaffected by untimely filed employee charges.

In this case, American Efird would have us affirm the district court's decision adopting our reasoning in *Equal Employment Opportunity Comm'n v. Ocean City Police Dept.*, 820 F.2d 1378 (4th Cir.1987) [6]. This we refuse to do because of the difference in the statutes involved in the two case. In *Ocean City*, we considered the EEOC's authority to investigate a Title VII

racial discrimination claim that had been untimely filed with the EEOC by an employee of the Ocean City Police Department. We denied enforcement of an administrative subpoena in that case because the EEOC was not authorized under Title VII to pursue such claims. Title VII limits EEOC's investigatory and enforcement reach under that statute to properly filed charges. *Id.* at 1379–80; *see* 42 U.S.C. §§ 2000e–5(b), 2000e–8(a) (1988). Thus, "[o]rdinary logic indicates that it is beyond the authority of EEOC to investigate charges which cannot be pursued.... The only legitimate purpose for an EEOC investigation is to prepare for action against an employer charged with employment discrimination, or to drop the matter entirely if the Commission finds the charge to be unfounded. But if no action can be taken on the charge, there is no justification for an investigation absorbing the resources of both the employer and the Commission." *Id.* at 1380. Unlike the limited authority given the EEOC under Title VII, however, the ADEA gives the EEOC authority to investigate and enforce independent of individual employee charges. Therefore, the reasoning in *Ocean City* would dictate the opposite outcome in this case.

## CONCLUSION

We find that the district court erred in holding that an untimely filed employee age discrimination charge barred further investigation into this claim by the EEOC. Unlike Title VII, Section 7(a) of the ADEA grants the EEOC investigatory and enforcement authority independent of the filing of an employee charge. Therefore, the decision of the district court should be vacated and the case remanded for entry of an order enforcing the EEOC's subpoena *duces tecum* and a decision by the court on the tolling issue.

**VACATED AND REMANDED.**

---

6. *See supra* note 4. Despite the uncertain nature of this case as precedent, we choose not to follow it for other reasons explained in this paragraph.