United States Court of Appeals,

Eleventh Circuit.

No. 95-4227

Non-Argument Calendar.

UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellee,

v.

TIRE KINGDOM, INC., Defendant-Appellant.

April 12, 1996.

Appeal from the United States District Court for the Southern District of Florida. (No. 94-8635-CV-JAG), Jose A. Gonzalez, Jr., Judge.

Before TJOFLAT, Chief Judge, and EDMONDSON and BARKETT, Circuit Judges.

PER CURIAM:

The sole issue before us on this appeal is whether the Equal Employment Opportunity Commission can proceed with an investigation under the Age Discrimination in Employment Act of 1967, Pub.L. No. 90-202, 81 Stat. 602, 29 U.S.C. §§ 621-634 (1994) ("ADEA"), if the underlying charge of age discrimination is untimely. We conclude that it can.

I.

Paul Spencer was employed by defendant Tire Kingdom, Inc., as an assistant manager until he was discharged from his position in the summer of 1992. On July 26, 1993, more than a year after his termination, Spencer filed a charge with the EEOC alleging that Tire Kingdom had fired him from his position because of his age. The charge included an allegation that a younger employee with similar performance problems had not been discharged. As a result,

the EEOC commenced an investigation and requested from Tire Kingdom information necessary to evaluate the allegations of age discrimination. Specifically, the Commission asked for a written position statement concerning Spencer's allegations; details of Spencer's termination and replacement; information concerning other recent terminations and comparable misconduct; copies of disciplinary rules and discharge procedures; and information concerning the size and structure of the company.

The EEOC awaited a response from Tire Kingdom for several months, but none was forthcoming. Eventually, the Commission sent a follow-up letter that once again requested the information, and Tire Kingdom finally responded. In its response, however, Tire Kingdom refused to provide the information requested, pointing out that Spencer's charge had been filed more than a year after he had been terminated. Under section 7(d) of the ADEA (as amended by the Age Discrimination in Employment Act Amendments of 1978, Pub.L. No. 95-256, § 4(b)(1), 92 Stat. 189, 190), 29 U.S.C. § 626(d), an individual in the state of Florida must file a charge with the EEOC within three hundred days after the alleged unlawful practice occurred. Spencer's charge came after that time limit. Thus, Tire Kingdom was of the opinion that the lack of a timely charge prevented the EEOC from conducting an investigation of the age discrimination claim. The Commission was not satisfied with the company's response and once again requested the information. In so doing, it claimed that its authority to investigate claims of age discrimination existed regardless of the filing of a timely charge.

Tire Kingdom repeatedly refused to supply the information, so

the EEOC issued an administrative subpoena *duces tecum.* On July 13, 1994, Tire Kingdom filed a motion with the Commission to quash the subpoena, once again arguing that the investigation could not proceed absent a timely charge. The Commission denied the motion. Receiving no further response from Tire Kingdom, the EEOC brought this action in district court to obtain enforcement of its subpoena. After hearing argument of counsel, the court ordered Tire Kingdom to comply with the subpoena. Tire Kingdom now appeals from this order.

## II.

The issue of the EEOC's authority to conduct an investigation into allegations of age discrimination is a question of law. Therefore, we review the district court's ruling *de novo.* *See, e.g., Tisdale v. United States,* 62 F.3d 1367, 1370 (11th Cir.1995).

A district court's role in a proceeding to enforce an administrative subpoena is limited. *See EEOC v. Kloster Cruise Ltd.,* 939 F.2d 920, 922 (11th Cir.1991). The court may inquire into (1) whether the administrative investigation is within the agency's authority, (2) whether the agency's demand is too indefinite, and (3) whether the information sought is reasonably relevant. *See United States v. Florida Azalea Specialists,* 19 F.3d 620, 622-23 (11th Cir.1994); *see also United States v. Morton Salt Co.,* 338 U.S. 632, 652, 70 S.Ct. 357, 368, 94 L.Ed. 401 (1950). This appeal involves the first inquiry: whether the Commission has the authority to conduct the challenged investigation.

We begin with the statute, which provides that

[t]he [Equal Employment Opportunity Commission] shall have the power to make investigations and require the keeping of

> records necessary or appropriate for the administration of this chapter in accordance with the powers and procedures provided in sections 9 and 11 of the Fair Labor Standards Act of 1938, as amended [29 U.S.C. §§ 209, 211].

ADEA § 7(a), 29 U.S.C. § 626(a). The incorporation of section 9 of the Fair Labor Standards Act of 1938, ch. 676, 52 Stat. 1060, 1065, 29 U.S.C. § 209, which in turn incorporates sections 9 and 10 of the Federal Trade Commission Act, ch. 311, 38 Stat. 717, 722-24 (1914), 15 U.S.C. §§ 49, 50 (1994), provides the authority for the EEOC to subpoena witnesses and documents. Likewise, the incorporation of section 11 of the Fair Labor Standards Act, 52 Stat. at 1066-67, 29 U.S.C. § 211, gives the Commission the authority in ADEA cases to "investigate such facts, conditions, practices, or matters as [it] may deem necessary or appropriate to determine whether any person has violated any provision of [the] Act, or which may aid in the enforcement of the provisions of [the] Act." Fair Labor Standards Act § 11(a), 52 Stat. at 1066, 29 U.S.C. § 211(a). Thus, the ADEA grants the Commission broad power to investigate, and nothing in its language suggests that this power is dependent upon the filing of an employee charge. Furthermore, we note that section 7(b) of the ADEA, 29 U.S.C. § 626(b), grants the EEOC an independent right to bring suit to enforce the provisions of the ADEA. An independent investigative authority logically precedes this right. *See EEOC v. American & Efird Mills, Inc.,* 964 F.2d 300, 303 (4th Cir.1992).

Tire Kingdom relies on the statute to support its argument that the filing of a timely charge is a prerequisite to the Commission's power to investigate. The company points specifically to section 7(d), 29 U.S.C. § 626(d), which sets forth certain time

limitations:

> No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the [Equal Employment Opportunity Commission]. Such a charge shall be filed—
>
> > (1) within 180 days after the alleged unlawful practice occurred; or
> >
> > (2) in a case to which section 14(b) [29 U.S.C. § 633(b) ] applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

ADEA § 7(d), 29 U.S.C. § 626(d). Tire Kingdom's reliance on section 7(d) is misplaced. Section 7(d)'s time limits apply only to cases brought under the ADEA by an individual against his or her employer; by its plain reading, the section does not apply to the EEOC.[1] Thus, despite Tire Kingdom's arguments to the contrary, the Commission's power to conduct an investigation into claims of age discrimination is not dependent upon the filing of a charge with the time requirements of section 7(d) of the ADEA. *See American & Efird Mills,* 964 F.2d at 304.

A review of the caselaw supports the EEOC's position. In *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), the Supreme Court discussed the issue of compulsory arbitration of claims filed under the ADEA. In doing so, the Court observed that

---

[1]Before 1991, the EEOC's right to bring a suit under the ADEA was subject to certain time limitations. Section 7(e) of the ADEA, 29 U.S.C. § 626(e), incorporated the statute of limitations of § 6 of the Portal-to-Portal Act of 1947, ch. 52, 61 Stat. 84, 87-88, 29 U.S.C. § 255. The Civil Rights Act of 1991, Pub.L. No. 102-166, § 115, 105 Stat. 1071, 1079, however, deleted from § 7(e) the reference to § 6 of the Portal-to-Portal Act, and thus the statute of limitations no longer applies.

> the EEOC's role in combating age discrimination *is not dependent on the filing of a charge;* the agency may receive information concerning alleged violations of the ADEA "from any source," and *it has independent authority to investigate age discrimination.* See 29 CFR §§ 1626.4, 1626.13 (1990).

*Gilmer,* 500 U.S. at 28, 111 S.Ct. at 1653 (emphasis added). The Court also recognized that both individuals and the EEOC have the right to bring actions to enforce the ADEA. *See id.* at 27, 111 S.Ct. at 1652-53. It is true that *Gilmer* does not address the precise question in this case. Nevertheless, if we were to accept Tire Kingdom's argument, we would have to conclude that the Commission has no independent power to investigate under the ADEA. Such a holding would contradict the statement we quote from *Gilmer.*[2]

The Fourth Circuit and several lower courts have addressed the question now before us. *See, e.g., EEOC v. American & Efird Mills, Inc.,* 964 F.2d 300 (4th Cir.1992); *EEOC v. Ritenour Sch. Dist.,* 692 F.Supp. 1068 (E.D.Mo.1988); *EEOC v. Gladieux Refinery, Inc.,* 631 F.Supp. 927 (N.D.Ind.1986). In each of these cases, the court rejected the employer's argument that the EEOC lacked the authority to proceed with an investigation in the absence of a charge of discrimination. We are likewise unpersuaded by Tire Kingdom's arguments in this case, and the order of the district court is

---

[2]Besides relying on inapposite cases involving actions brought by individual employees, as opposed to cases involving actions brought by the EEOC, *see, e.g., McClinton v. Alabama By-Products Corp.,* 743 F.2d 1483 (11th Cir.1984), *McBrayer v. City of Marietta,* 967 F.2d 546 (11th Cir.1992), Tire Kingdom also relies on several Title VII cases. These are also inapposite. Unlike the ADEA, Title VII requires the filing of a charge before the EEOC can exercise its powers and authority. *See* Civil Rights Act of 1964, §§ 706(b), 709(a), 78 Stat. 241, 259, 262, 42 U.S.C. §§ 2000e-5(b), 2000e-8(a) (1988 & Supp. V 1993).

therefore

AFFIRMED.