692 F.Supp. 1068 (1988)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Applicant,
v.
RITENOUR SCHOOL DISTRICT, Respondent.
No. 88 MISC 080.
United States District Court, E.D. Missouri, E.D.
May 31, 1988.
James R. Neely, Jr., S. Robert Royal and C. Felix Miller, E.E.O.C., St. Louis District Office, St. Louis, Mo., for applicant.
John Gianoulakis, Mary Beth Farrelly, Kohn Shands Elbert Gianoulakis & Giljum, St. Louis, Mo., for respondent.

MEMORANDUM
FILIPPINE, District Judge.
On February 26, 1988, applicant filed a motion to show cause why a subpoena *1069 should not be enforced against the respondent. On that date the Court issued an order to show cause, ordered respondent to answer, and scheduled a show cause hearing. The show cause hearing was held on April 7, 1988, at which time both parties presented oral arguments to the Court. Therefore, the issue now before the Court is the enforceability of the applicant's subpoena. After careful consideration of the matter, the Court renders the following:
The Equal Employment Opportunity Commission ("EEOC") filed this action against Ritenour School District ("Ritenour") to show cause why a subpoena duces tecum should not be enforced against Ritenour. The subpoena was issued pursuant to an investigation conducted by the EEOC in response to a charge of age discrimination filed by James N. Pappas. In the charge, filed with the EEOC on July 14, 1986, Pappas alleged that he was demoted by Ritenour and assigned a new job which he physically could not perform, thus forcing him to resign on September 30, 1985. Pappas alleged that his age, 61, was a factor in his demotion and that he was replaced by younger employees.
In the subpoena duces tecum, the EEOC seeks production or access to documents relating to custodial positions in the Ritenour School District since January, 1983.
Respondent objects to the subpoena, based on the fact that Pappas did not file a charge with the EEOC within the statutorily-required 180-day period from the time of his discharge. 29 U.S.C. § 626(d)(1). In addition, respondent states that the EEOC can not pursue a charge against it because the two-year statute of limitations for filing actions pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq., expired September 30, 1987. Finally, respondent claims that the three-year statute of limitations of the ADEA for willful violations is not applicable here, since Pappas alleges no facts, and the EEOC has produced no evidence, to support a willful violation.
In response, the EEOC states that it is not bound by the statutory 180-day time limitation for filing a charge, because the limit applies only to an individual's right to file a civil action, and such a charge is not a prerequisite to an EEOC investigation. The EEOC asserts that through its statutorilycreated investigatory powers, it may pursue an investigation into alleged discriminatory actions at any time. Further, although the EEOC admits that the two-year statute for filing ADEA claims has expired, it asserts its right to investigate for possible willful violations under the ADEA's three-year limitations provision.
In order to establish reasonable cause for the enforcement of the subpoena at issue, the EEOC must satisfy the Court that "the investigation is authorized by Congress, is for a purpose Congress can order, and the documents sought are relevant to the inquiry." Donovan v. Shaw, 668 F.2d 985, 989 (8th Cir.1982).
The EEOC is empowered, pursuant to 29 U.S.C. §§ 209, 211, 626(a), to investigate allegations of discrimination in employment. Pursuant to this authority, the EEOC may utilize subpoena power in carrying out the investigations. Equal Employment Opportunity Commission v. Peat, Marwick, Mitchell and Co., 775 F.2d 928, 930 (8th Cir.1985). Unlike the statutory requirements for actions pursuant to Title VII (42 U.S.C. § 2000e et seq.), however, a charge alleging a violation of the ADEA is not a prerequisite to the institution of an investigation by the EEOC. Therefore, even though Pappas did not file a timely charge with the EEOC so as to support a civil suit on his own behalf, the EEOC is empowered to pursue an investigation into those charges.
Although the two-year statute of limitations for filing an ADEA claim based on Pappas's allegations expired September 30, 1987, the applicant is still within the three-year statute for filing claims of willful discrimination. The EEOC is not required, however, to present evidence or somehow establish the existence of a willful violation prior to its investigation into the matter. Rather, its "authority to investigate violations includes the authority to investigate coverage under the statute." In addition, "a subpoena enforcement proceeding *1070 is not the proper forum in which to litigate the question of coverage under a particular federal statute." EEOC v. Peat, Marwick, Mitchell & Co., 775 F.2d at 930. Therefore, the fact that Pappas's charge does not allege willful discrimination does not preclude an investigation by the EEOC into that possibility.
In conclusion, this Court is satisfied that the EEOC demonstrates reasonable cause to support its subpoena. Congress authorized the investigation at issue pursuant to 29 U.S.C. §§ 209, 211, 626(a), for the legitimate purpose of empowering the EEOC to investigate allegations of age discrimination. This holds true here, even though Pappas failed to file a timely charge with the EEOC. Further, the three-year statute of limitations under the ADEA has not yet run, thus enabling the EEOC to investigate for possible willful violations. Finally, the respondent has not questioned the relevancy of the documents subpoenaed, and this Court finds them to be within the scope of the investigation.
An appropriate order shall accompany this memorandum opinion.

ORDER
In accordance with the memorandum opinion filed this date and incorporated herein,
IT IS HEREBY ORDERED that the applicant's motion for order to show cause why a subpoena should not be enforced is GRANTED.
IT IS FURTHER ORDERED that respondent shall comply with the subpoena by producing the information requested to applicant within twenty days of the date of this order.